HENRY M. TRAIN, Respondent, v. THE HOLLAND PURCHASE INSURANCE COMPANY, Appellant.

Plaintiff having a policy of insurance in the A. Ins. Co., applied to G., the agent of that company, to surrender the same and for insurance in another company. G. agreed to insure him with defendant, and it was agreed that the policy then held should be surrendered and canceled. On the same day, without plaintiff's knowledge, G. filled out an application, signing plaintiff's name thereto, containing a statement that there was no other insurance. This was forwarded the next day, and on that

day plaintiff surrendered to G. the old policy to be canceled. This was accepted and placed with other policies of that description. Defendant issued a policy, by the terms of which in case of other insurance then existing "not notified to the company," it was void. The time when it was received by G. did not appear. The policy contained a condition requiring application to be made out by the agent of the company, and that it would take effect the same day the application was received by the agent. In an action upon the policy, defendant claimed a breach of warranty, in that there was other insurance on the property. *Held,* untenable; that, assuming that G. was plaintiff's agent, the insurance did not take effect until the application was accepted by a return of a policy; that the clause in the policy on this subject had no effect when plaintiff or his agent solicited the insurance; that it was fairly to be inferred that the surrender of the prior policy was accepted before defendant's policy was forward to G.; and that, therefore, there was no other insurance at the time the contract was consummated.

It appeared that G. had blanks from the A. Ins. Co. for the purpose of the surrender of policies and had taken the surrender of other policies by the direction of that company before plaintiff's policy was given up. These surrendered policies were subsequently returned to and accepted by the company. *Held,* that this sufficiently established authority in G. to accept surrenders, and that he was acting within the scope of his authority when he accepted the surrender of plaintiff's policy; and that, therefore, such surrender and acceptance were in effect a cancellation of the policy; and even if G. did not forward it to the company, as he was bound to do, this did not affect plaintiff.

(Argued December 14, 1876; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was upon a policy of insurance issued by the defendant, by its terms for three years from March 21,. 1873. It is reported upon a former appeal in 62 New York, 598. The policy contained these clauses: " In case the insured shall already have other insurance against loss by fire on the property insured not notified to this company according to the annexed conditions, then this insurance shall be void and of no effect."

" It is further agreed that the person or persons, if any other than the assured who have procured this insurance to be taken by this company, shall be deemed to be the agent

or agents of the assured, and not of this company in any transaction relating to the insurance, and no statement or contract relating to the insurance shall be valid or binding upon this company or the assured, unless the same is in writing, signed by the secretary or inserted and contained in the application or policy." Annexed to the policy were the following conditions, among others: " All applications for insurance must be made in writing according to the printed forms prepared by the company. Applications must be made out by an authorized agent of the company. Insurance will take effect upon all applications sent to the office of the company the same day the application is received by the agent (unless directed by the applicant to take effect at a future day), provided it shall be approved by the president or vice-president when received at the office. If any person insuring property in this company shall make any misrepresentations or concealment of facts in the application, or misstate his own interest in the property, or if the premium or insurance shall not have been paid, such insurance shall be void."

The defence relied on was that at the time of issuing the policy there was other insurance upon the property.

It appeared that prior to March 21, 1873, plaintiff had obtained a policy of insurance upon the property, issued by the Andes Insurance Company, procured through Foster & Goggin, who were the agents of said company at Potsdam, N. Y., which policy was outstanding at that time. On that day plaintiff saw Mr. Goggin, one of said agents, by whom he was informed that the Andes company had failed. Plaintiff thereupon stated that he wished to surrender and cancel his policy and be insured in some other good company. Goggin agreed to insure him in a good company, mentioning defendant, and it was agreed that plaintiff should bring his old policy, which Goggin agreed to return to the Andes company. On the same day Goggin made out an application, signing plaintiff's name thereto, which he mailed the next day to defendant at Batavia, N. Y. In the application it was stated that there was no other insurance upon the property. Mr. Goggin testi-

fied that the next day, or the next day but one, after this con-
versation with plaintiff, the latter brought the Andes policy
and delivered it to him; that he kept it in his office with
other policies that had been canceled until after the fire.
Said witness also testified that he had before taken the surren-
der of Andes policies, but had not then returned them to the
company. The company had furnished him blanks for that
purpose. He subsequently advised the company of the sur-
render of the other policies. It accepted them, returning a
portion of the unearned premium. Said company refused to
allow any portion of the unearned premium of the policy in
question, and the agents did not forward it.

At the close of the evidence defendant's counsel moved for
a nonsuit, which was denied, and said counsel duly excepted.

*Geo. Bowen* for the appellant. In making the application
for insurance, Goggin acted as plaintiff's agent. (*Alexander*
v. *Ger. F. Ins. Co.*, 13 Alb. L. J., 247; *Train* v. *H. P. Ins. Co.*,
62 N. Y., 602; *Utica Ins. Co.* v. *Toledo Ins. Co.*, 17 Barb.,
132; *N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 14 N. Y., 85;
May on Insurance, 125; *Rohrback* v. *Ger. Ins. Co.*, 62 N. Y.,
47; *Fitch* v. *Pop. L. Ins. Co.*, 59 id., 557, 570; Flanders
on Ins., 204; *Pierce* v. *Empire Ins. Co.*, 62 Barb., 636.)

*J. A. Vance* for the respondent. The matter of the policy
in the Andes company would not defeat a recovery by plain-
tiff. (*Williams* v. *Ins. Co.*, 54 N. Y., 567; *Redfield* v. *H.
P. Ins. Co.*, 56 id., 354; *Owens* v. *H. P. Ins. Co.*, id., 565;
*Mayor of N. Y.* v. *Ins. Co.*, 10 Bosw., 537; *McEwen* v.
*Ins. Co.*, 5 Hill, 101; *Masters* v. *Ins. Co.*, 12 Barb., 625;
*Rowley* v. *Empire Ins. Co.*, 3 Keyes, 557–9; *Plumb* v. *Ins.
Co.*, 18 N. Y., 392; *Un. Mut. L. Ins. Co.* v. *Wilkinson*, 13
Wal., 222; *Ives* v. *Com'l Ins. Co.*, 56 Ill., 420; *Westcott* v.
*Fargo*, 61 N. Y., 542–53; *Blake* v. *Exch. Mut. Ins. Co.*, 12
Gray, 265.) As between plaintiff and defendant's agents on
the question of other insurance, the Andes policy must be
deemed canceled as of the date of the agreement. (*At. Ins.
Co.* v. *Goodall*, 35 N. H., 328.)

Miller, J.    The only question arising upon this appeal is whether at the time when the plaintiff and defendant entered into the contract contained in the policy of insurance, upon which this action was brought, there was another policy in the Andes Insurance Company, in violation of the contract between the parties.    The defendant's counsel claims that Goggin acted as the agent of the plaintiff, and the application sent by Goggin to the defendant being the application of the plaintiff, the statement and warranty that there was no insurance was the plaintiff's, and as the Andes policy was in force at the time, that the warranty was false and the policy void.

Assuming that Goggin was the agent of the plaintiff, we think it does not aid the defendant, for if Goggin acted in that capacity, the insurance would not take effect until the application was accepted by a return of the policy, and the clause in the policy on this subject can have no effect where the plaintiff or his agent solicits insurance.    As the case stands it appears that the plaintiff applied for the insurance on the twenty-first of March, to Goggin, who on the same day made out an application, and signed it in the plaintiff's name without the plaintiff's knowledge.    This was forwarded by mail on the next day, and on that day or the next day afterwards, and as it is somewhat uncertain, we have a right to assume the former, the plaintiff surrendered to Goggin, the agent of the Andes company, the policy which the plaintiff held.    When the application was made the previous day, it was agreed that the policy should be, and it was, surrendered accordingly, accepted and placed by Goggin among other insurance policies of that description.    Here was a valid acceptance by the agent of the Andes company on the very day that the written application was forwarded by the defendant, and as the precise time when the policy was received by Goggin, is not made to appear, it is highly probable and the fair intendment is, that the surrender of the Andes policy was accepted before the policy of the defendant was returned to Goggin, and as the proof clearly established before it was accepted by the plaintiff. The Andes policy was, therefore, canceled before the con-

tract was consummated, and there was no other insurance at that time upon plaintiff's buildings.

Upon the hearing of the former appeal, this court held that the surrender by the plaintiff of the Andes policy to Goggin, and its acceptance by him as the agent of the Andes company, with the intention on the part of both, that it should no longer be a contract between the plaintiff, and that company, was in effect a cancellation of it, and even if Goggin did not send it to that company, as he was to do, it did not affect the plaintiff, for he had put it in Goggin's power to do so, and as to the plaintiff the contract was annulled. This would seem to cover entirely the case now considered; but the appellant's counsel claims that this case does not come within the former decision, as it is said in the opinion that Goggin, the agent, had before that taken the surrender of policies, and canceled them, and his acts been approved by his principal. It was not intended to hold that the approval of the act of the agent must necessarily precede the surrender of the Andes policy. But, however, that may be, whether the ratification was before or subsequent to the surrender of the Andes policy is not material, for in either contingency with the concomitant circumstances, it is manifest that authority was conferred previously. The proof shows that Goggin had blanks for that purpose, and had taken the surrender of other policies by the direction of the Andes company before the plaintiff's policy was given up. These were subsequently returned to, and accepted by, the Andes company, and the acts of the agent thus ratified and approved by the principal. This confirmation sufficiently establishes that the Andes company had conferred authority for that purpose, and that Goggin was acting within the scope of his powers, when he accepted the surrender of the plantiff's policy.

If we are correct in the observations made, this case is brought directly within the principle of the decision made upon the former appeal. At least there was sufficient evidence for the consideration of the jury upon the question whether there was a lawful surrender, acceptance and cancellation of

the Andes policy, and it was the intention of both of the parties to cancel the same. Nor, as we have seen, does the written application for insurance, signed by Goggin in the plaintiff's name, which was introduced in evidence upon the last trial, change the time when the risk actually commenced, or alter the case materially, so as to affect or impair the validity of the contract entered into for the surrender and cancellation of the Andes policy.

As the judgment may be upheld upon the assumption that Goggin acted as the agent of the plaintiff in the application of insurance, it is not necessary to consider whether it could be sustained, if he could be regarded as the agent of the defendant.

No ground being shown for the reversal of the judgment, it should be affirmed.

All concur.

Judgment affirmed.