JOHN HULL ET AL. v. NARCISSUS WOODS ET AL.

Delivered November 14, 1896.

1. **Practice on Appeal—Imputing Conclusions to Trial Court.**
Where no conclusions of fact were requested or filed, the appellate court will impute to the trial court such a finding upon any issue of fact, if supported by evidence, as will sustain the judgment.

2. **Limitation of Five Years—Insufficient Possession.**
The plaintiffs fenced three acres of the land in controversy in the winter of 1876, and cultivated the same until 1880. The inclosure was then removed, and the improvements abandoned, until 1883, when a tenant of plaintiff cultivated the land for two years and abandoned it. In 1886 a crop was raised on the three acres, but since that time it has been abandoned. Held, that the possession was not sufficient as a basis for limitation of five years.

3. **Field Notes—Calls for Adjoining Survey and for Natural Objects.**
A call in field notes for a line of an adjoining survey does not necessarily imply that the grantee recognizes that the location of that line should be fixed by the calls of the adjoining tract, but on the other hand may mean that it should be located according to the natural objects designated in the deed under which he claims.

4. **Limitations—Payment of Taxes.**
Plaintiffs purchased 240 acres of the H. survey, which was conveyed to them by metes and bounds. Their supposition was that the boundary between it and an adjoining survey was as given in the deed. Held, that the payment of taxes upon 240 acres of the H. survey will not support the statute of limitations with reference to the payment of taxes upon any part of the adjoining survey.

APPEAL from Wise. Tried below before Hon. J. W. PATTERSON.

*McMurray & Gose,* for appellants.—The taxes must have been paid on the land claimed. It is not sufficient that appellees paid taxes on the Wade H. Hudson survey, and thought their west line was where they claimed it. They may have run over a few varas on the Follett, and yet not gain title to it, if they always paid taxes on the Hudson, and never on the Follett. Bassett v. Martin, 83 Texas, 344; Dutton v. Thomp-

son, 85 Texas, 116; Spence v. Johnson, 3 Texas Civ. App., 627; 22 S.
W. Rep., 1042.

*R. E. Carswell*, for appellees.

TARLTON, CHIEF JUSTICE.—The disposition of a former appeal in
this case will be found in the 25 S. W. Rep., 458.   The judgment was
then reversed and the cause remanded, because this court held that the
statute of ten years' limitation then invoked was inapplicable under the
facts.

The suit was brought by the appellees, as plaintiffs, to recover against
the appellants, as defendants, a tract of land 234½ varas in width and
911 varas in length.   Of this tract, as the record now discloses, all is
on the A. Follett survey except a strip about 20 varas in width on the
north line and about 40 varas in width on the south line thereof.   This
strip is on the Wade Hudson survey, which in part lies east of the Fol-
lett.

The plaintiffs recovered judgment perforce of the statute of five years'
limitation, which they pleaded affirmatively as a source of title.   The
defendants disclaimed as to so much of the land in controversy as is not
included in the Follett survey.   As to the land thus included they
pleaded not guilty.

The defendants have the undisputed title to the land included within
the Follett survey, unless the statute of five years' limitation invoked by
the appellees be held applicable.   Its applicability presents the sole
question for our consideration.

It was incumbent upon the plaintiffs, claiming thus to have acquired
title, "to show a compliance with the terms prescribed by the statute
perfect in every particular."   Whitehead v. Foley, 28 Texas, 289.   In
this case it devolved upon the plaintiffs to show that they held the land
which was upon the Follett survey in adverse and peaceable possession
for the prescribed period of five years; that this possession was held
under a deed duly recorded; and that they paid taxes upon the specific
land as provided by statute.

No conclusions of fact were requested or filed, and it becomes our duty
to impute to the court such a finding, if supported by evidence, upon
any issue of fact, as will sustain the judgment.   Applying this princi-
ple, we proceed to consider whether the evidence justified a finding in
favor of the appellees, (1) on the issue of peaceable and adverse posses-
sion for the prescribed period under a deed duly registered; (2) upon
the issue of the payment of taxes upon the land included within the
boundaries of the Follett survey.

The deed under which the appellees seek to prescribe bears date Au-
gust 26, 1875.   It was duly recorded January 26, 1876.   The land con-
veyed is described as a part of the Wade H. Hudson survey, beginning
at the southeast corner of the Alexander Follett survey of 320 acres;
thence north 950 varas, a stake, a post oak bears N. 30½ W. 4 varas, a

do. bears S. 25 W. 4 varas; thence east 500 varas; proceeding with other calls not here relevant.

Of the land thus described the plaintiffs took possession in 1876, erecting their dwelling house on a part of the survey some distance southeast of the tract in controversy. They have thus continuously since occupied it. It also appears that upon the tract described in the plaintiffs' petition they fenced a small field of three acres in the winter of 1876 and 1877, which they cultivated during the years 1877, 1878, 1879 and 1880. The enclosure, however, was removed and the improvements abandoned during the years 1881 and 1882. The cultivation of the field was again renewed and continued by a tenant of the appellees, one Thompson, for the years 1883 and 1884. He also erected upon the tract in controversy a dwelling house, which, however, he removed in 1885. In 1886 John Woods, in privity with the appellees, planted a wheat crop in the three acre field, which since that date seems to have been abandonded.

No stress, we think, can be laid upon the possession above indicated as a basis for limitation, because of a material break, at least from 1880 until 1883, in the occupancy by appellees. It is apparent that the possession did not continue for the period of five consecutive years. Over- and v. Menczer, 83 Texas, 129.

Discarding as insufficient the posssession held by the appellees of the tract in controversy, the question remains whether the actual possession, consisting of the plaintiffs' improvements located as already shown upon the Wade Hudson survey and southeast of the land involved, did not suffice under the terms of the deed to draw to itself the possession of the tract in dispute.

It will be noted, that while the land conveyed is described as beginning at the southeast corner of the Alexander Follett survey, it is also described with reference to two post oak trees from its northwest corner as bearing trees. There was testimony showing that the land was surveyed before the deed was made; that the surveyor surveyed the identical land covered by the deed, including that in dispute; that the appellees supposed that the east line of the Follett survey was where the deed called for it; and that the northwest corner of the land in dispute was identified on the ground as called for in the deed.

It thus appears that, though the land was described in the conveyance as a part of the Wade Hudson survey, there were calls in the deed sufficiently certain, when applied to the external objects therein described, to identify it. The call for the east line of the Follett does not necessarily imply that the appellees recognize that the location of that line should be fixed by the Follett calls, but may, on the other hand, mean that it should be located according to the natural objects designated in the deed. Udell v. Peak, 70 Texas, 549; Jones v. Andrews, 62 Texas, 668-669.

Hence we are not prepared to hold that the court erred in concluding. as it must have done, that the deed under which the appellees claim

was sufficient to notify the owner of the Follett title that the land in controversy was adversely claimed. Kilpatrick v. Cisneros, 23 Texas, 137; McCurdy v. Locker, 2 Texas Civ. App., 222.

Did the evidence justify the conclusion that the appellees paid taxes for the prescribed period upon that portion of the land in controversy which is of the Follett survey?

The evidence relied upon to show this fact is that of Mrs. Woods, the widow of Mitchell Woods, the grantee in the deed pleaded by the appellees, and of W. C. Day, a surveyor. The latter testified: "This (the deed from Connelly to Woods) covers so much of the Hudson survey as the same appears upon the ground, and the said Hudson survey is in conflict to that extent with the Follett." Mrs. Woods testified: "My husband and myself paid the taxes upon the land from the date of the deed up to the present time, and I have the receipts (which were tendered in court and read in evidence). My husband and myself always supposed that the land in controversy was a part of the Wade H. Hudson survey, and we paid the taxes as on that survey. We did not know exactly where the southeast corner and east line of the Follett survey was, but supposed that it was where our deed called for it. The corners and lines called for in our deed were marked as called for in the deed."

The tax receipts referred to are not included in the statement of facts. It appears, however, that under the rendition of the appellees the taxes were assessed and paid upon 240 acres of the Wade Hudson survey. The corrected field notes of this survey, filed December 2, 1874, call as its west boundary line for the east boundary line of the Follett survey. The latter is the senior survey by many years, the patent having issued in 1856.

Hence we must and do find that there is no conflict between the two surveys, and though the witness Day testifies that the Hudson is in conflict with the Follett, his statement must be regarded but as a conclusion resting upon the calls and the bearing trees referred to in connection with the west line of the land as described in the deed to appellees. It cannot be considered as the statement of a fact in regard to the actual location of the surveys.

We hence conclude, that while the appellees probably supposed that they were paying taxes upon that part of the land in controversy which is on the Follett survey, they in fact did not; that on the contrary they paid the taxes according to their rendition, viz., upon 240 acres of the Wade Hudson survey, and upon no part of the Follett survey. Hence they fail to show a compliance with the statute of limitation invoked by them, with reference to the payment of the taxes. For our views upon this aspect of the case, see the opinion of Justice Stephens in Hoehn v. House, 31 S. W. Rep., 83, founded upon Dutton v. Thompson, 85 Texas, 115, and distinguishing the case from that of Harrison v. McMurray, 71 Texas, 122, cited in that instance as in this.

The plaintiffs' recovery should have been restricted to that part of

the land in controversy which is upon the Hudson survey, and to which the defendants filed a disclaimer. Accordingly, the judgment is reversed and here rendered that the plaintiffs take nothing against the defendants as to so much of the land as is upon the Follett survey; that they recover that part of the land which is upon the Hudson survey; but that, on account of the disclaimer, the appellees pay the costs of both courts.

*Reversed and rendered.*