RAGLEY LUMBER COMPANY v. INSURANCE COMPANY OF NORTH
AMERICA.

Decided April 7, 1906.

**Judgment—Finding of Fact—Presumption.**

In the absence of findings of fact by the trial court the Appellate Court
will impute to the trial court such a finding on any issue of fact, if supported
by the evidence, as will support the judgment. Evidence considered, and held
to support a finding by the trial court that a policy of insurance was cancelled
before the loss occurred.

Appeal from the District Court of Gregg County. Tried below before
Hon. Richard B. Levy.

*F. H. Pendergast* and *W. T. Armistead,* for appellant.—The policy
was not cancelled on July 23, 1903, because the agent of the insurance
company had no authority from plaintiff to sign the receipt for the
unearned premium, or to cancel the policy, without returning the un-
earned premium. Continental Ins. Co. v. Busby, 3 Texas App. Civ. Cases,
secs. 101, 102; Planters Ins. Co. v. I. O. O. F., 1 Texas App. Civ. Cases,
sec. 758; Ostrander on Fire Insurance, pp. 48. 60, 67; Griffey v. New
York Cent. Ins. Co., 53 Am. Rep., 202; Thompson v. Phoenix, 136 U.
S., 287.

The policy could not be cancelled by the insurer without paying to
plaintiff at once the amount of the unearned premiums, because the
policy so provided in its terms, and that stipulation ought to be con-
strued as harshly against the insurance company as warranties usually
are against the insured. Fire Association v. Wickham, 141 U. S., 582;
1 Joyce on Insurance, sec. 637.

The policy was in force when the loss by fire occurred, because A. M.
Urquhart was the agent of the insurer, and not the agent of Ragley
Lumber Company. Rev. Stats., art. 3093.

*Alexander & Thompson,* for appellee.—Where there is evidence sus-
taining the judgment of a trial court its judgment has the force and
effect of a verdict of a jury on the facts, and will not be disturbed.
Jordan v. Brophy, 41 Texas, 284; Flanagan v. Pearson, 50 Texas, 383;
Stone v. Brown, 54 Texas, 335; Cooper v. Horner, 62 Texas, 363; Willis
v. Morris, 63 Texas, 460; Blackburn v. Knight, 81 Texas, 330.

The policy was cancelled according to its own terms, whether the
cancellation was at the instance of the insurance company or the insured.
Swarzchild v. Phoenix, 115 Fed. Rep., 653; Same case, 124 Fed. Rep.,
52; El Paso Reduction Co. v. Hartford Ins. Co., 121 Fed. Rep., 937-8;
Miller v. Fireman's Fund, 54 W. Va., 344; Springfield F. & M. Ins.
Co. v. McKennon, 59 Texas, 507; Lampasas Hotel Co. v. Home Ins. Co.,
43 S. W. Rep., 1081; W. of E. Ref. Mar. 10, 1898.

A policy of insurance may be cancelled by agreement of the parties,
expressed or implied, independent of any stipulation in the contract
therefor, and this policy was so cancelled. Hartford v. Reynolds, 36
Mich., 502; Sea. Ins. Co. v. Johnston, 105 Fed. Rep., 286; 44 C. C. A.,
477; Ikeller v. Hartford, 53 N. Y. Sup., 323; Edwards v. Home Ins.

Co., 73 S. W. Rep., 881 (Mo.), and cases cited; Kooistra v. Rockford
Ins. Co., 81 N. W. Rep., 568 (Mich.) ; Citizens Ins. Co. v. Henderson
Elevator Co., 84 S. W. Rep., 580 (Ky.) ; Stone v. Franklin Ins. Co.,
105 N. Y., 543; Faulkner v. Manchester Fire, 50 N. E. Rep., 529
(Mass.) ; Parker v. Exchange Ins. Co., 44 N. E. Rep., 615 (Mass.) ;
Standard Oil v. Triumph Ins. Co., 64 N. Y., 85; Train v. Holland
Ins. Co., 68 N. Y., 211.

Appellant was estopped, under the facts, to question the sufficiency
of the cancellation. Kooistra v. Rockford Ins. Co., 81 N. W. Rep.,
568; Hartford v. Reynolds, 36 Mich., 503.

REESE, ASSOCIATE JUSTICE.—This is a suit instituted by appellant
to recover upon a policy of fire insurance upon its saw mill property.
The policy was for $5,000 and the amount claimed is $1,550. The
policy was issued by the appellee on December 19, 1902, and insured
appellant's property for one year from that date. The property insured
was destroyed by fire on August 5, 1903.

It is claimed by appellee that the policy was cancelled on July 23,
1903.

Upon trial, without a jury, judgment was rendered for defendant,
and the plaintiff appeals.

There are no findings of fact, but we gather from appellant's brief
that the trial court held that the policy was cancelled on July 23, 1903,
as claimed by appellee. The several assignments of error present the
question that the court erred in so holding. This court will impute to
the trial court such a finding on any issue of fact, if supported by the
evidence, as will support the judgment. (Hull v. Woods, 38 S. W. Rep.,
165.)

The evidence is sufficient to support the conclusion that the cancel-
lation of the policy on July 23 was really at the instance of appellant;
that he desired for purposes of his own to have the policy cancelled, and
arranged with Urquhart that it should be done, but that in order that
appellant might get a return of the unearned premium at the pro rata
rate instead of at the short rate, the cancellation should appear to have
been done at the instance of the appellee. Urquhart was not the agent
of appellee but had procured this policy from Offenhauser & Co., ap-
pellee's agents, upon a division of the commission between them. In
effecting the cancellation Urquhart really acted as the agent of appellant,
who sent the policy to him for cancellation on July 23. Urquhart at
once cancelled the policy, signed appellant's name to the receipt for
unearned premium and forwarded it to Offenhauser & Co., appellee's
agents, at the same time giving appellant credit on his books for the
amount of the unearned premium. This was in accordance with the
course of dealing between appellant and Urquhart for several years.
On the next day, July 24, Urquhart wrote to appellant notifying it of
the receipt of the policy and that he had reported the cancellation at
pro rata rates, adding, "Therefore we have your name left entirely out
of the transaction with a view of getting pro rata cancellation through
for each company, which we believe we will be able to secure, and by
August 10 we will have completed the transaction and a check will go
forward from us." The policy was cancelled as of July 23, which was

in accordance with the understanding between Urquhart and appellant. It was not the understanding of appellant that the policy should not be cancelled until the unearned premium should be paid to him, but that it should be done at once. The understanding between appellant and Urquhart was such as to authorize Urquhart to cancel the policy on the 23d when received by him from appellant and to sign for appellant the receipt on the policy for the unearned premium, and to remit the same to appellant as soon as he could get the amount from Offenhauser & Co. This seems from the evidence to have been satisfactory to appellant. (Lampasas Co. v. Home Ins. Co., 17 Texas Civ. App., 616.)

The policy contained the usual provision, to wit: "This policy shall be cancelled at any time at the request of the insured, or by the company, by giving five days notice of such cancellation. If this policy shall be cancelled, as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned premium portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is cancelled by this company by giving notice, it shall retain only a pro rata premium." Urquhart sent appellant a check for the unearned premium on August 8 (the fire having occurred on August 5, which was returned by appellant. The policy having been sent to Urquhart for immediate cancellation by appellant on July 23, under the circumstances detailed, not at the instance of or upon notice from the company, but at the instance, in fact, of appellant, appellant can not now claim that such cancellation was unauthorized and without effect because the unearned premium was not returned to him at the time of such cancellation. This was not the agreement or understanding. (Hartford Ins. Co. v. Reynolds, 36 Mich., 502; Sea Ins. Co. v. Johnston, 105 Fed. Rep., 286; Kooistra v. Rockford Ins. Co., 81 N. W. Rep., 568; Schwarzchild v. Phoenix Ins. Co., 115 Fed. Rep., 653, 124 Fed. Rep., 52.)

If Urquhart was the agent of appellee, the case for appellant would be no better. In sending the policies to Urquhart for immediate cancellation (and the evidence leaves no doubt that this was appellant's intention), and in accepting Urquhart's statement in the letter acknowledging the receipt of the policies, and their cancellation, and advising him that check for the unearned premium would be forwarded later, appellant waived the payment of the unearned premium as a prerequisite to the cancellation. (Train v. Holland Ins. Co., 68 N. Y., 208-213.)

The trial court did not err in holding that the policy was cancelled before the fire occurred, and that appellee was not liable thereon. We find no error in the judgment and it is affirmed.

*Affirmed.*