BEN C. JONES & CO. v. GAMMEL-STATESMAN PUB. CO. et al.†

(Court of Civil Appeals of Texas. Austin. May 24, 1911. On Motion for Rehearing, Dec. 20, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUPPORTING STATEMENTS—NECESSITY.

An assignment of error not supported by a statement will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUPPORTING STATEMENTS—NECESSITY.

An assignment of error in refusing to award judgment for defendants' breaches of the contract sued upon cannot be considered if there is no statement under it showing what the contract was, how, if at all, it was breached, and what, if any, damages were sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUPPORTING STATEMENTS—NECESSITY.

Under Court of Civil Appeals rule 31 (67 S. W. xvi), requiring an assignment of error to be supported by a statement of the substance of all that is in the record bearing on the assignment, an assignment of error in refusing to award judgment for breaches of a contract sued upon cannot be considered, though followed by a statement showing what plaintiffs alleged respecting the contract, what they testified to, but does not purport to state the substance of all that is in the record bearing on the matter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1097*)—LAW OF CASE.

Whatever was decided by the Supreme Court on a former appeal is res adjudicata on a subsequent appeal to the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

5. APPEAL AND ERROR (§ 1194*)—DECISION ON FORMER APPEAL—EFFECT.

A decision by the Supreme Court reversing judgment for defendants in an action for breaches of contract on the ground that plaintiffs were not bound to set up by amendment breaches occurring between the filing of their suit and the trial did not entitle plaintiffs to judgment on return of the cause to the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4660; Dec. Dig. § 1194.*]

6. APPEAL AND ERROR (§ 934*)—REVIEW—PRESUMPTIONS—CORRECTNESS OF JUDGMENT.

When a case has been tried by the court, and no conclusions of law or fact have been filed or requested, every presumption, not inconsistent with the record, will be indulged in favor of such judgment, and any doubt as to the facts raised by the evidence, and any view of the law which the court could have applied under the pleadings and the evidence, will be resolved in support of such judgment.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

7. APPEAL AND ERROR (§ 1201*)—AMENDMENT AFTER REMAND—NEW DEFENSES.

In an action for breaches of contract, it was not error to permit an amendment to the answer upon a second trial after reversal to set up a rescission of the contract by mutual agreement, though the answer on a former trial alleged that the contract was rescinded by the bringing of the first suit, where plaintiffs amended to set up a new contract and made new parties defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673–4683; Dec. Dig. § 1201.*]

8. APPEAL AND ERROR (§ 882*)—"INVITED ERROR"—NATURE OF DOCTRINE.

Invited error is in the nature of equitable estoppel, and arises where a party induces the

---

trial court to take certain action, and then insists that the action was erroneous, and does not exist through making of the contention which is held against a party or where correctness of the contention has been consistently insisted upon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*

For other definitions, see Words and Phrases, vol. 4, p. 3761; vol. 8, p. 7692.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Ben C. Jones & Co. against the Gammel-Statesman Publishing Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 100 Tex. 331, 99 S. W. 701, 8 L. R. A. (N. S.) 1197.

N. A. Rector and T. H. McGregor, for appellant. Gregory & Batts, J. M. Patterson, and James H. Robertson, for appellees.

### Findings of Fact.

JENKINS, J. (1) In 1901 Ben C. Jones & Co., appellants herein, had a contract with the state of Texas to publish the current reports of the Supreme Court, the Court of Criminal Appeals, and the Courts of Civil Appeals. In that year H. P. N. Gammel obtained a like contract with the state, and also a contract to reprint the "old reports," by which was meant the Supreme Court Reports, up to and including volume 73. On October 31, 1901, Jones & Co. surrendered their contract with the state, and entered into a written contract with the Gammel Book Company, a corporation, to whom Gammel had transferred his said contract, as follows: "The State of Texas, County of Travis. Know all men by these presents that this contract and agreement made and entered into this 31st day of October, 1901, by and between the Gammel Book Company, a body politic and corporate, duly incorporated under the laws of the state of Texas, parties of the first part, and Ben C. Jones & Company, a firm composed of Ben C. Jones, V. A. Fenner, and Robert H. Cousins, parties of the second part, witnesseth: That the parties of the second part agree and hereby bind themselves to print, bind, and deliver unto the parties of the first part all the current volumes of reports, being the decisions of the Supreme Court, Court of Criminal Appeals, and the Court of Civil Appeals of the state of Texas, and known, respectively, as the Texas Supreme Court Reports, Texas Criminal Appeals Reports, and the Texas Civil Appeals Reports. And the parties of the second part further agree and bind themselves to wrap each volume of the aforesaid reports in one cover of heavy wrapping paper, the same to be sealed, and with printed end labels showing what volume it contains. That the parties of the second part also agree and hereby bind themslves to make electrotype plates of each page of the aforesaid reports; and the said books shall be printed, bound, and finished as per the specifications contained in the existing contract between the state of Texas and the said parties of the second part, subject to the approval of the expert printer of the state of Texas, or the printing board of the state of Texas. That the standard size of each volume of said reports shall be as required by the statute consisting of 768 pages per volume; and, in the event any of said reports shall exceed in size the standard volume, the price as hereinafter provided for shall be increased pro rata per each volume, and, if any of said reports shall contain less pages than the standard, then the same pro rata shall be allowed. By pro rata is meant the price per page of each standard volume of 768 pages. That in consideration of the delivery of one thousand (1,000) finished and approved copies of each of the aforesaid reports to the parties of the first part, and the further delivery of all the electrotype plates necessary for each volume to the Secretary of State at the capitol building of the state of Texas, carefully wrapped and packed in a substantial box, plainly marked with number of plates and the report said plates are for, the parties of the first part agree and hereby bind themselves to pay to the parties of the second part in cash for each one thousand (1,000) copies of each report and the necessary electrotype plates therefor, delivered as aforesaid, the sum of two thousand and fifty-four dollars and fifty cents ($2,054.50) and the further sum of 97½ cents for each additional copy in excess of the one thousand original copies, provided such excess is printed at the time with original order. And, in the event said parties of the first part should desire copies of any reports to be printed from the electrotype plates owned by the state, the parties of the second part agree and hereby bind themselves to furnish and deliver the said copies to the parties of the first part as follows, to wit: For 100 copies and over, $1.67 per copy. For 150 copies and over, $1.40 per copy. For 250 copies and over, $1.19 per copy. For 500 copies and over, $1.05 per copy. For 1,000 copies and over, $.97½ per copy. Provided said electrotype plates are delivered to said parties of the second part. And the parties of the second part further agree to print, bind, finish, and make electrotype plates of any back numbers of the Texas Reports, as the parties of the first part may direct, upon the same basis as the current volumes when the conditions are the same; the parties of the first part hereby agreeing to furnish a copy for each of the same. Such work, however, may be limited by the parties of the second part so as not to exceed four volumes per year. That the parties of the second part agree and hereby bind themselves to deliver to the parties of the first part any one report consist-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ing of 1,000 copies and necessary electrotype plates therefor within ninety (90) days after the original copy has been received by the parties of the second part, but with an extension of time for such delay as is allowed the parties of the first part in its contract with the state. And the parties of the second part further agree and bind themselves to push, finish, and deliver the work as per contract between Gammel and the state of Texas, and also bind themselves to pay any and all costs or damages that said Gammel Book Company may be liable for to the state of Texas on account of delay in printing, binding, electrotyping or delivering said volumes, provided said delay is caused or occurs after the original copy is in the hands of the said parties of the second part. That the final proof of each of said reports shall be approved by the official court reporter of the state of Texas. That this contract shall remain in force and be binding for a term of two (2) years from date hereof. Witness the hand of the Gammel Book Company, by its president, Joseph Nalle, and likewise the hand of Ben C. Jones & Company, in duplicate this 31st day of October, A. D. 1901, at Austin, Travis County, Texas. [Signed] The Gammel Book Co., by its President, Joseph Nalle. Ben C. Jones & Co., by Fenner."

(2) On September 24, 1902, appellants sued the Grammel Book Company for the amounts alleged to be due under said contract for publishing volumes 41 and 42 of the Court of Criminal Appeals Reports, volume 91 Supreme Court Reports, and for $600 for work done on volume 25 Civil Appeals Reports. This suit was tried May 4, 1903, and judgment rendered for appellants for the amount sued for.

(3) On July 11, 1904, appellants brought this suit against the Gammel Book Company, the Gammel-Statesman Publishing Company, H. P. N. Gammel, C. F. Gydeson, and A. S. Vandervoort to recover the profits which they alleged they would have made under said contract had they been permitted to publish volumes 95 and 96 Supreme Court, volumes 26, 27, 28, 29, 30, and 31 Civil Appeals, and volume 43 Criminal Appeals, and eight volumes of old reports, alleging breach of contract on the part of Gammel Book Company in failing and refusing to furnish the manuscript for said volumes, conspiracy on the part of the other defendants to prevent appellants from publishing said volumes, and absorption of the assets of the Gammel Book Company by said Gammel-Statesman Publishing Company.

(4) This suit was first tried May 15, 1905, before a jury, and resulted in a verdict and judgment for appellants against said defendants for damages as to one volume, to wit, volume 30 Civil Appeals.

(5) On this trial, May 15, 1905, the trial court held that the contract sued on was an entire contract with provision for performance by installments at different times, but held that it was the duty of appellants to have set up by amendment in the former suit all breaches of said contract known to them which occurred subsequent to the filing of said suit (September 24, 1902) and prior to the trial of same (May 4, 1903), and that said suit was a bar to recovery in this case for all such breaches of said contract as occurred within said dates. This judgment was affirmed by the Court of Civil Appeals.

(6) Upon writ of error, the Supreme Court agreed with the trial court and the Court of Civil Appeals as to the nature of said contract, but held that breaches of said contract occurring after the filing of said first suit and before the trial thereof and not sued upon in said first suit were not barred by said suit, and for the error of the court in so instructing the jury reversed and remanded this case February 6, 1907. 100 Tex. 331, 99 S. W. 701, 8 L. R. A. (N. S.) 1197.

(7) April 15, 1908, appellants filed their first amended original petition, and, in addition to the parties above named, made John H. Kirby, R. L. Batts, B. W. Randolph, the State Printing Company, and the Austin Statesman Company defendants, alleging as against said parties conspiracy and absorption of the assets of the Gammel-Statesman Publishing Company.

(8) In said amended petition, appellants alleged that in 1901, and before the execution of the two-year contract herein sued on, they entered into a verbal contract with the Gammel Book Company to publish the Texas Reports for a period of 20 years, and that said written contract is only a part of said contract, and claim damages, not only on account of not being permitted to print the volumes, the manuscript of which was ready within the two years mentioned in said written contract, but also the profits they would have made in publishing said reports for the full period of 20 years, but for the breach of said contract.

(9) Upon the second trial of this cause before the court, judgment was rendered for the defendants, from which appellants have prosecuted this appeal. No findings of fact or conclusions of law were requested, and none were filed by the judge who tried the cause.

### Opinion.

[1] 1. Appellees object to the consideration of each and all of appellants' assignments of error, for the reason that they are not followed by such statements as are required by the rules in reference to preparing briefs on appeal. We sustain these objections, except as hereinafter indicated. There is no statement of any character under assignments Nos. 26, 27, 28, 29, and 30.

[2] Assignments from Nos. 1 to 23, inclusive, contain the statement that the court erred in failing and refusing to render judgment for appellants "for the damages which

the testimony showed they had sustained by reason of the defendants' breaches of the contract sued upon," and yet there is no statement under either of said assignments, except the sixteenth, showing what said contract was, how, if at all, said contract was breached, and what, if any, damages appellants sustained by the breach thereof. The following statement under the first assignment of error will illustrate the character of such statements under appellants' other assignments of error: "For appellants' pleadings in first suit cause No. 18,900, see S. F. 335–345." (No statement as to the substance of such pleadings, nor in what way they are pertinent to this assignment of error.) "For Gammel Book Co.'s answer and suit in reconvention to recover $10,000 as damages for appellants' failure to deliver volumes 41 and 42 of the Court of Criminal Appeals Reports, filed in cause No. 18,900, see S. F. 397–402." (These volumes are not involved in this suit.) "And on appeal from judgment for appellants in cause No. 18,900 for Gammel Book Co.'s assignments of error to the ruling of the court on appellants' demurrers to its plea in reconvention, see S. F. 402." (Why should we see these assignments of error in another cause? What are they?) "For judgment for appellants in cause No. 18,900, see S. F. 208–213," etc. It is not made to appear what the records which we are asked to "see" would show if we should examine them.

[3] 2. The sixteenth assignment is followed by a statement showing what appellants alleged with reference to the contract sued on, and what appellants testified in reference thereto, but it does not purport to be a statement of the substance of all that which is in the record having a bearing on said assignment, as required by rule 31 (67 S. W. xvi), in that there is nothing in said statements as to appellants' pleadings or testimony in reference to said contract. All that is contained in said statement may be true, and yet, in view of the whole record, the judgment of the court may be correct. For instance, the appellants pleaded a rescission of said contract by mutual agreement; that appellants sold their presses and rendered themselves unable to do said work, and appellees were justified in not tendering the same to them. Appellees also pleaded the statute of limitation and the statute of frauds. What was the ruling of the court, and what was the evidence in reference to these matters? The statement under the sixteenth assignment affords no hint as to these matters; and, as the other assignments of error cannot be considered, we cannot look to them for assistance. For the reason that the sixteenth assignment of error considered as a proposition, and the additional propositions and statements thereunder show no sufficient reason for reversing the judgment of the trial court herein, the same is overruled.

3. Assignments of error Nos. 24 and 25 relate to the overruling of appellants' demurrers. Said assignments are overruled.

4. It is the contention of appellants that it was fundamental error for the trial court to fail or refuse to enter judgment for the appellants, and this contention involves all the material issues upon which error was attempted to be assigned, as shown by appellants' brief.

[4, 5] The ground of this contention is that the effect of the judgment of the Supreme Court upon the former appeal herein was to reverse the judgment with instructions to the district court to render judgment for appellants. Whatever was decided by the Supreme Court on said appeal is res adjudicata as to this case, and should have been observed by the district court, and will be enforced by this court. But we do not concur with appellants as to the scope and effect of said opinion. As we understand said opinion, it decides only (1) the instrument sued on was an entire contract with provisions for its performance by installments at different times; (2) failure to perform any installment of said contract gave a separate cause of action; (3) that while the plaintiffs might have joined all of the causes of action which had accrued thereunder up to the time of the trial of the first suit, and for this purpose might have amended their petition so as to include such additional breaches of said contract as had occurred subsequent to the filing of said suit and prior to the trial of the same, they were not required by law to do so. The legal consequence of these holdings was that the alleged breaches of said contract herein sued on as occurring after the filing of the petition in the former suit and before the trial of the same were not barred by the judgment in said suit, and that the district court erred in so holding, and refusing to submit to the jury any issue as to such alleged breaches of said contract. The only instruction to the court below that can be inferred from said judgment is to submit to the jury upon another trial for their consideration, or for the court to take into consideration, if tried without a jury, whatever breaches of said contract the evidence upon another trial may tend to show occurred between the filing of the petition in the former suit and the trial thereof, and to allow plaintiff the damages, if any, that he may prove. The effect of the judgment herein is to declare that none such were shown.

[6] 5. When a case has been tried by the court and no conclusions of law or of fact have been filed or requested, every presumption not inconsistent with the record will be indulged in favor of such judgment, and any matters of doubt as to the facts raised by the evidence, and any view of the law which the court could have applied under the pleadings and the evidence will be resolved in support of such judgment. Ward v. Cam-

eron, 76 S. W. 240; Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 129; Barton v. Bank, 8 Tex. Civ. App. 223, 29 S. W. 210; Ragley v. Insurance Co., 42 Tex. Civ. App. 511, 94 S. W. 185; Hull v. Woods, 14 Tex. Civ. App. 590, 38 S. W. 256; Adams v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 779. There being no assignment that the evidence does not support the judgment, it will be presumed that the evidence is sufficient for that purpose.

[7] 6. Appellants insist that it was fundamental error for the court to permit the appellees to amend their answer upon the second trial, and set up a rescission of the contract by mutual agreement, for the reason that they had on the former trial alleged that said contract was rescinded as a matter of law by the bringing of the first suit, and recovering judgment thereon, which judgment was not reversed, but was paid off by the defendants in said suit. Had this suit been between the same parties upon the same cause of action, and had appellees pleaded the former suit as a defense thereto, and, after the same was decided adversely to them, pleaded such mutual rescission, there might have been some merit in appellant's contention upon the doctrine that a defendant ought not to dally with the court by splitting his defenses. It is not, however, necessary for us to pass upon this matter, as the appellants did not stand upon their original petition, but by amendment set up a new contract, to wit, a 20-year oral contract, and made 5 new parties defendant, who are not charged with any breach of said contract, but who are sought to be held liable upon the allegation that the Gammel Book Company breached the contract, and that they have become liable by reason of their subsequent connection with the Gammel Publishing Company and the Statesman Company. These defendants were entitled to defend against the alleged breach by the Gammel Book Company, and had had no previous day in court, and none of the defendants had had any day in court as to the new contract set up in the amended petition. This, we think, is a sufficient answer to appellant's objection to the amended answer; but, independent of this, we think there was nothing in the judgment of the Supreme Court in this case which would prevent the appellants from pleading for the first time on the second trial hereof a rescission of said contract by mutual agreement.

It is not apparent of record, however, that such is the case; that is, we cannot ascertain whether or not such is the case without searching the record for that purpose, and consequently we do not think that such error, if any, is fundamental. We agree with Chief Justice Gaines, who in discussing what was meant by fundamental error in Wilson v. Johnson, 94 Tex. 276, 60 S. W. 243, said: "The purpose of assignments of error is to point out the errors complained of, and not leave the appellate court to grope through the record ·to ascertain whether error has been committed or not."

[8] 7. The doctrine of "invited error," strenuously insisted upon by appellants, has no application to the facts of this case. Invited error is in the nature of equitable estoppel, and arises where a party to a suit induces the court to take certain action on the trial of the same, and then insists that such action was erroneous. As well as we can understand appellant's brief, they insist that the doctrine of invited error arises in this case from the fact that appellant alleged in its answer upon the first trial of this case that in bringing the former suit appellants had elected to treat the contract as rescinded in toto, and in the second trial hereof also alleged in their amended answer that said contract was rescinded by mutual consent prior to the breaches complained of in this suit, and also from the fact that appellees contended in the first trial hereof that appellants were barred as to such alleged breaches, if any, as occurred between the filing of the former suit and the trial thereof. Appellees could not be estopped by their first position about set out, because the trial court did not hold with them but against them as to this issue. They are not estopped by their said second position, because, though the trial court held with them, they did not on the former appeal, and do not now, insist that the trial court erred in this regard; but, on the contrary, have all the time and still do insist that the law is as they there asserted. They are bound by the adverse decision of the Supreme Court on this issue, but this does not tend to raise the issue of invited error.

No error of record being apparent, and none having been pointed out under any assignment of error, the judgment of the trial court herein is affirmed.

Affirmed.

### On Motion for Rehearing.

We make the following statement as correcting statements in our former findings of fact and opinion herein, and as a more concise statement of the material facts to be considered at this time:

The first suit referred to, which was affirmed upon appeal, was upon the contract set out in the findings of fact in this case. This suit is also founded on said contract. In the first suit the appellants recovered for the work which they did under said contract up to the time of filing said suit. In this suit appellants sought to recover for their alleged profits under said contract from the time of the filing of their petition in the first suit to the filing of their petition in this suit. In their original petition herein they alleged that a verbal contract had been entered into by the parties for a period of 20 years to publish the reports upon the terms shown in said written contract, and that, at the expiration of each 2 years, a written

contract was to be executed covering the next two years.

The defendants in their original answer pleaded the judgment in the former suit as a bar to plaintiff's cause of action herein; and in their amended answer upon which this case was tried also alleged that the contract between the parties had been rescinded by mutual agreement, and other defenses, not necessary to be here mentioned. The trial court upon the first trial of this case held with the defendants as to their plea in bar as to all items that could have been set up by amendment in the original suit. This court affirmed said judgment, but upon writ of error the same was reversed on the ground that plaintiffs were not required to set up by amendment the breaches of the contract occurring. between the filing of their suit and the trial of the same. Nothing else material to this case was determined by the judgment of the Supreme Court in said cause. After this case had been reversed upon writ of error, appellants amended and made additional parties, as shown in seventh finding of fact in opinion heretofore rendered.

Appellants insist in their motion for rehearing, as they did upon original hearing of this cause, that appellees by pleading the first judgment in bar of appellants' cause of action in the first trial of this suit, and by failing to allege in said first trial the rescission of said contract by mutual agreement, are now estopped from making such defenses in this cause. In fact, they insist, in effect, that the judgment of the Supreme Court herein has settled all issues in their favor, except as to the amount of their recovery, and say that said judgment amounts to an instruction to the court below to enter judgment for them. In support of their contention, they cite Menifee v. Hamilton, 32 Tex. 495, and Sprinkel v. McCord, 129 S. W. 379. In the latter case this court specifically directed what judgment should be entered by the court below. Nothing of the kind was done by the Supreme Court in rendering the opinion in this case. 100 Tex. 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197. In the case of Menifee v. Hamilton, supra, the court said: "There is some doubt in the mind of the court as to how far this case should be held to be res adjudicata, having been before this court at its January term, 1854, and decided in 11 Tex. 718." An examination of this case in the two reports above referred to will show that in the first suit there was a contest between the title granted to Tomas Buentillo and the title granted to Senora Carabajal. In the first suit Hamilton claimed under the Buentillo grant and Menifee claimed under the Carabajal. The Supreme Court in the first opinion held that the Buentillo grant was the superior title, and reversed and remanded the case. Thereupon

Menifee amended and set up the plea of three-year limitation under the Buentillo grant, which he had attempted to destroy in the first suit. In that case the court expressed doubt as to whether the former judgment amounted to an instruction to the lower court to render judgment as between the parties or to try the case de novo. We construe the judgment of the Supreme Court in this case as an instruction to try the case de novo. The issue of cancellation of the contract by mutual agreement was not determined on the former appeal.

The trial court rendered a general verdict for the defendants and did not file, and was not requested to file, any conclusions of law or fact; and, for reasons stated in the former opinion herein, as well as for those here stated, we cannot say that the judgment of the trial court was erroneous. For which reason the motion for rehearing is overruled.

Motion overruled.