CONN v. HOUSTON OIL CO. OF TEXAS et al. (No. 525.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 16, 1920.)

1. ADVERSE POSSESSION ⊙⟶114(1)—SUFFICIENCY OF EVIDENCE TO SHOW TITLE.

In trespass to try title, evidence *held* to show that the possession and claim of one of plaintiff's predecessors in interest had matured into title under the ten-year statute of limitations before such predecessor executed a timber deed.

2. JUDGMENT ⊙⟶829(1)—JUDGMENT OF FEDERAL COURT EFFECTIVE TO DIVEST TITLE.

A decree of the federal District Court *held* to divest out of plaintiff's predecessor in interest any title which such predecessor had acquired by virtue of possession under the ten-year statute of limitations.

3. ADVERSE POSSESSION ⊙⟶93—POSSESSION WILL NOT RIPEN INTO TITLE UNDER FIVE-YEAR STATUTE WHERE TAXES WERE PAID ON WRONG LAND.

Possession for five years otherwise sufficient to ripen into title under the five-year statute is insufficient, where during part of the time the records showed that the occupant paid taxes on land other than that of which he was in possession.

4. ADVERSE POSSESSION ⊙⟶41—NECESSITY OF FULL TEN YEARS' POSSESSION TO RIPEN INTO TITLE.

Where judgment was rendered September 25, 1908, which divested from plaintiff's predecessor all title, plaintiff's possession coupled with that of her predecessor did not ripen into title under the ten-year statute of limitations, where plaintiff's suit was filed in April, 1918, and the owner of the record title filed a cross-action in July, 1918.

5. ADVERSE POSSESSION ⊙⟶43(2)—EFFECT ON RIGHT TO TACK OF OUSTER OF POSSESSION BY DECREE.

Where plaintiff's predecessor in title was ousted of possession of the land by decree of the federal court, plaintiff cannot, though her predecessor continued in possession and delivered possession to her, tack the later possession with the earlier possession.

6. LOGS AND LOGGING ⊙⟶3(14)—NO TITLE PASSES WHERE TIMBER NOT REMOVED WITHIN SPECIFIED TIME.

Timber deeds and contracts containing a time limitation for the removal of timber pass no title save to so much of the timber as the vendee may remove within the time limited.

7. TRESPASS TO TRY TITLE ⊙⟶47(3)—JUDGMENT FOR DEFENDANTS PROPER WHERE PLAINTIFF FAILS TO ESTABLISH CASE.

Where record title was in defendant and plaintiff failed to sustain her claim to title under the five and ten year statute of limitations it was proper for the trial court to decree title to be in defendant who filed a cross-action.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Action by Mrs. S. N. Conn against the Houston Oil Company of Texas and others, which filed cross-action. From a judgment for defendants, plaintiff appeals. Affirmed.

Warren & Conn, of Houston, for appellant.

Kennerly, Williams, Lee & Hill, of Houston, for appellees.

WALKER, J. This is an action in trespass to try title brought by the appellant, as sole devisee and independent executrix of the estate of R. C. Conn, deceased, in the district court of Newton county, Tex., on April 17, 1918, against the appellee, wherein appellant sought to recover 160 acres of land, a part of the Thomas S. McFarland survey, abstract No. 648, in Newton county, Tex. Appellant pleaded that she and those under whom she held and claimed had acquired the title to the land by the statutes of limitation of five and ten years. Appellee answered on July 28, 1918, by plea of not guilty and cross-action, wherein it claimed title to the land sued for, and appellee also pleaded the five and ten years' statutes of limitation. The case was tried on March 5, 1919, before the court without a jury, and resulted in judgment for appellant for 33 acres of the land sued for and for appellee for 127 acres of land. From this judgment appellant has appealed to this court.

In 1894 Isaac Hubbard and wife, Emma Hubbard, had surveyed out and moved upon 160 acres of land described in plaintiff's petition. They lived on this land and had their improvements thereon until about the latter part of 1906 or 1907, during which time they claimed said land. On August 7, 1908, Hubbard and wife acknowledged tenancy to appellee to the land described in its cross-action, which instrument was duly recorded August 19, 1908, in the deed records of Newton county. As in our judgment this instrument has nothing to do with the disposition of this case, we will not further discuss it. On the 26th of May, 1906, Ike Hubbard and

wife executed their deed to B. E. Moore, conveying to him an undivided one-half of the merchantable pine timber on the 160 acres described in plaintiff's petition; said deed containing the following covenants:

"It is expressly agreed and understood that the said B. E. Moore shall have until the first day of January, 1912, to cut and remove all said timber off said land and for the purpose of so cutting and removing said timber we hereby expressly give to him, his heirs and assigns, the right and privilege to enter upon any part of said 160 acres of land, construct and build tramroads or roads, and to do and construct other necessary things to be done for the purpose of removing said timber, and when said timber is so removed or improvements so placed for the removal of said timber shall be removed by said Moore if he so desires, it being understood that when said timber is so removed that it is contemplated herein that the right of said Moore to occupy said land shall cease.

"To have and to hold the above-described premises and timber on said 80 acres of land, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said B. E. Moore, his heirs and assigns forever, and we, Ike Hubbard and Emma Hubbard, do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the premises to the said B. E. Moore, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

On the 28th day of September, 1908, Charles Dillingham, receiver of Houston Oil Company of Texas, in the United States District Court for the Southern District of Texas, at Houston, recovered judgment against Ike Hubbard and his wife, Emma Hubbard, for the title and possession of the lands described in appellee's cross-action; said decree in part being as follows:

"It is further ordered, adjudged, and decreed by the court that the complainant, Charles Dillingham, as receiver of the Houston Oil Company of Texas, and the Houston Oil Company of Texas, do recover of and from the defendants Isaac Hubbard and his wife, Emma Hubbard, Green Young and his wife, Geneva Young, and C. C. Wightman, the title to and the possession of the following described tracts or parcels of land, to wit (describing two tracts of land, including that in controversy). * * *

"It is further ordered, adjudged, and decreed by the court that the title of the Houston Oil Company to the above-described tracts of land and the timber growing thereon be, and the same is, hereby forever quieted against said defendants; and said defendants, their agents, servants, and employés, are hereby perpetually enjoined from asserting any further title to said land or the timber growing thereon, or the improvements thereon, and from cutting, destroying, or removing the timber upon said land therefrom, and from further trespassing upon said land, or remaining in possession thereof, and from further interfering with said receiver of the Houston Oil Company of Texas in the possession, management, and control of said land and the timber growing thereon, and from hindering or interfering with the receivers of the Kirby Lumber Company in cutting and removing the timber growing upon said land therefrom."

At the time this judgment was rendered against said Hubbard and wife, they were in possession of this land and remained continuously in possession thereof until possession was delivered by them to their vendees, and, as hereinafter shown, these vendees remained in possession of this land until the time this suit was filed, and also until appellee filed its cross-action.

On the 27th of August, 1912, Hubbard and wife executed their deed to the said Moore, conveying to him all of the 160 acres of land described in plaintiff's petition. On the 20th of March, 1913, said B. E. Moore and the said Ike Hubbard and the said Emma Hubbard executed a deed to R. C. Conn, conveying to him all of the 160 acres described in plaintiff's petition. This deed was duly recorded in the deed records of Newton county, Tex., on March 23, 1913. Just prior to or immediately after the recording of the deed from Moore and the Hubbards to Conn, the latter entered into possession of the 160 acres of land by tenant, and continuously cultivated, used, and enjoyed said land and remained in possession thereof and was in possession thereof continuously until this suit was filed.

As to the payment of taxes by Conn under his possession, we make the following statement from appellee's brief:

It was agreed that in Newton county there are three T. S. McFarland surveys; the T. S. McFarland labor being abstract No. 296, another T. S. McFarland survey being abstract No. 290, and the T. S. McFarland survey in controversy being abstract No. 648. Appellant offered in evidence certain tax receipts for 1912, 1913, 1914, 1915, 1916, 1917, and 1918.

The tax receipt for 1912 showed payment of taxes on 160 acres of abstract No. 290, T. S. McFarland survey (not the land in controversy). The tax receipt for 1913 showed payment of taxes on 160 acres of abstract No. 290, T. S. McFarland survey (not the land in controversy). The tax receipt for 1914 showed payment of taxes on 160 acres of abstract No. 290, T. S. McFarland survey (not the land in controversy). The tax receipt for 1915 showed payment of taxes on 960 acres of abstract 648, T. S. McFarland survey, the land in controversy. The tax receipt for 1916 showed payment of taxes on 960 acres of abstract 648, T. S. McFarland survey, the land in controversy. The tax receipt for 1917 showed payment of taxes on 960 acres of abstract 648, T. S. McFarland survey, the land in controversy. The tax receipt for 1918

showed payment of taxes on 960 acres of abstract 290, T. S. McFarland survey (not the land in controversy).

This suit was filed April 17, 1918. Appellee Kirby Lumber Company filed its original answer herein on July 29, 1918, while the other appellees herein filed their original answer and cross-action on July 25, 1918. The comptroller's certificate shows that no land on the survey in controversy was assessed by R. C. Conn for the years 1912, 1913, and 1914. The comptroller's certificate shows that on abstract 290, T. S. McFarland survey (not the land in controversy herein), R. C. Conn assessed 160 acres of land for taxes for 1913 and 1914. The witness S. B. Conn testified that the assessment sheet for 1914 was sworn to by R. C. Conn, and shows lands assessed on abstract No. 290, T. S. McFarland survey (not the land in controversy). The witness Miller testified that the assessment sheet for 1914 shows assessment by R. C. Conn on abstract 290, T. S. McFarland survey (not the land in controversy).

Appellees offered in evidence lines 2, 3, 4, and 5 on assessment rolls of Newton county for the year 1913, showing that R. C. Conn rendered 160 acres on abstract 290, T. S. McFarland survey (not the land in controversy); and offered in evidence lines 12, 13, and 14 of page 2 of the assessment rolls for the year 1914, showing that S. B. Conn rendered 160 acres of abstract 290, T. S. McFarland survey, and none on abstract 648, T. S. McFarland survey.

The court's ninth finding of fact was that neither R. C. Conn, nor any one for him, paid the taxes due for the years 1913 and 1914 on the 160 acres in controversy, but that Conn had paid taxes on the land sued for in 1915, 1916, 1917, and 1918.

On these facts we conclude as follows:

[1] 1. That Ike Hubbard and wife, under their possession and claim, had matured title to the 160 acres of land described in plaintiff's petition by and under the ten years' statute of limitation, before the execution of the timber deed to B. E. Moore.

[2] 2. That by virtue of the judgment rendered in the District Court of the United States, the decree being shown above, the Houston Oil Company of Texas recovered from Ike Hubbard and wife all their right, title, and interest in and to said lands and all the timber thereon, and under such judgment the said Ike Hubbard and wife lost the title which had matured in them by virtue of the ten years' statute of limitation. Samuel v. Houston Oil Co., 193 S. W. 246.

[3] 3. That the appellant did not acquire title to said land by virtue of the statutes of five and ten years' limitation. Her possession was sufficient, and all the requirements of the five years' statute of limitation had been met by her and those under whom she claimed, except the payment of taxes. The payment of taxes for the years 1912, 1913, 1914 on 160 acres of land on the T. S. McFarland survey, abstract No. 290, when the land that she claimed was on the T. S. McFarland survey, abstract No. 648, was not a compliance with the statute. Dutton v. Thompson, 85 Tex. 116, 19 S. W. 1026; Morrison v. O'Hanlon, 202 S. W. 97; Henning v. Wren, 32 Tex. Civ. App. 538, 75 S. W. 910; Hull v. Woods, 14 Tex. Civ. App. 590, 38 S. W. 256; Hoehn v. House, 31 S. W. 83.

[4] 4. That the judgment having been rendered against Ike Hubbard and wife in favor of appellee on the 25th of September, 1908, and this suit having been filed on the 17th of April, 1918, and appellee having filed its cross-action herein on the 28th day of July, 1918, appellant cannot recover under the ten years' statute of limitation.

[5] 5. Ike Hubbard and wife having been ousted from the possession of said land under and by virtue of the judgment rendered in the District Court of the United States, appellant cannot tack the possession of Hubbard and wife prior to the rendition of the judgment to the possession subsequent to the rendition of the judgment, in order to show a full period of ten years' possession and claim.

[6] 6. Under the deed from Hubbard and wife to Moore, dated May 26, 1906, Moore's right to take said timber and all his right, title, and interest in and to said timber expired on the 1st day of January, 1912. Houston Oil Co. of Texas v. Boykin, 206 S. W. 816. In that case the Supreme Court of this state said:

"Timber deeds and contracts, containing time limits for the removal of timber, pass no title whatever, save to so much of the timber as the vendee may remove within the time limited."

Judgment was correctly entered by the court against appellant for that portion of the land claimed by appellee in its cross-action.

[7] Appellant also complains of that portion of the judgment wherein appellee recovers the title and possession of 127 acres of land shown to be on the T. S. McFarland survey, abstract 648.

The trial court's fourth finding of fact is as follows:

"I find from the agreement of the parties that in 1872 D. R. Wingate was the owner of all the land awarded to the defendants on their cross-action herein, and in 1893 he conveyed this tract to Charles G. Saunders, who in 1901 conveyed it to Houston Oil Company of Texas, from whom the record title has regularly passed into all of the defendants in this cause, so that the defendants are the owners of said land unless plaintiff has acquired title to same or a part thereof under the statute of limitations."

This finding of fact we sustain. As plaintiff did not acquire the title to this land un-

der the statute of limitation, it naturally follows from this finding that the court correctly decreed this land to the appellees on their cross-action.

Finding no error in the judgment of the trial court, it is in all things affirmed.