## D. J. ANDERSON v. MAGGIE CARTER ET AL.

### Decided May 28, 1902.

**1.—Homestead—Remainderman.**

Whether a remainderman can acquire a homestead right in the land during the life estate, his possession and occupancy thereof being permissive and he managing the property for ,the holder of the life estate, is doubted, but not decided.

**2.—Same—Deed Without Wife's Joinder—Abandonment.**

Where the homestead is the separate property of the husband, his deed thereof in which the wife does not join will operate as a conveyance where he afterwards leaves the place and acquires another homestead.

**3.—Same—Limitations.**

Where the surviving wife exercised her right of possession of the homestead, and the son of the deceased husband resided thereon with his family by her permission, managing the place for her, limitations did not run in his favor.

Appeal from Navarro. Tried below before Hon. L. B. Cobb.

*Callicutt & Call,* for appellant.

*Simkins & Mays,* for appellees.

JAMES, CHIEF JUSTICE.—This action was brought by D. J. Anderson against Mrs. J. S. Anderson and Mrs. Maggie Carter and her husband, to cancel a deed, and for title, to an undivided one-seventh interest in

a tract of 320 acres in the Kincannon survey, and an undivided one-seventh of 87½ acres adjoining the above, in the W. N. Anderson survey. The petition averred that plaintiff about September 25, 1882, executed a deed to his brother J. S. Anderson for the purpose and with the intention of simply placing legal title in him in trust for plaintiff; also that at the date of said deed appellant and his wife were living on the said land as a homestead, and his wife did not join in said deed; also that said J. S. Anderson died about four or five years ago and during his lifetime never claimed said land, but permitted plaintiff and his wife to continue to occupy same, which they did continuously to the present time; and that the plaintiff has held peaceable and adverse possession of said land, cultivating, using, enjoying, and living upon same for more that ten years next preceding the filing of this suit, and is accordingly entitled to same by limitations; that plaintiff has learned since the death of J. S. Anderson that the defendants herein are setting up claim to said land under said deed.

Mrs. J. S. Anderson and Maggie Carter, the defendants, are respectively the widow and daughter of J. S. Anderson.

Appellees answered by special exceptions, by general denial, and specially answered to the effect that the deed was valid and genuine and made for a valuable consideration; that said deed had been executed and on record for more than nineteen years; that J. S. Anderson had departed this life more than five years prior to the institution of this suit, and there had never been any assertion of any right to the land by plaintiff during said period of nineteen years, nor was any question ever raised as to the validity and good faith of said deed until the institution of this suit, and that plaintiff's demand was stale and barred by limitation; that Mrs. S. L. Anderson was the surviving widow of Dr. W. N. Anderson, who died in 1855; that she had a homestead thereon of 200 acres, and also at least a life estate in one-third of the 407½ acres, and according to her contention, as well as that of appellant, had a community half interest, and that she had been in possession of the whole tract ever since, by the mutual consent of all the heirs; that there had never been any partition of the land, and that the use of said land by appellant was subject to Mrs. Anderson's occupancy and with her permission; that if plaintiff acquired title by limitation, it passed under his warranty by estoppel to appellees; and that if plaintiff had any homestead rights in the land when he executed the deed, his wife subsequently died and he abandoned it as a homestead long prior to the institution of suit, whereby said deed became operative and the title passed to defendant's ancestor.

The case was tried before the court without a jury, resulting in a verdict and judgment for defendants, on May 22, 1901. The trial court did not file conclusions of law and fact, and none were asked. The case is before this court on appeal by plaintiffs.

The facts should be resolved to sustain the judgment, if this is legally

practicable, the judge having filed no conclusions. We conclude as follows:

1. The testimony and circumstances admit of the finding that the deed from appellant and his stepbrother was a sale of appellant's interest in the land, was for valuable consideration, and was not a conveyance in trust.

2. The land belonged to Dr. William Nix Anderson, the father of appellant and J. S. Anderson, who died in 1855. When he died he left children by his first wife, also by his second wife; appellant, being the youngest, was born shortly after his death in 1855. Dr. Anderson had his homestead upon the land, and this 200 acres, with the improvements, were in the proceedings of his estate set apart to his widow as homestead. Appellant was entitled to an interest in the whole property, subject to his mother's possessory right to said homestead tract and her interest in the remainder of the land, which was a possessory right during her life in an undivided one-third thereof on the basis of it having been Dr. Anderson's separate estate. Appellant lived with his mother on the homestead tract until he was grown, and after his marriage in 1874, 1875, or 1876, he continued to so live there for some time, when he moved from the old house to a new house on the same homestead tract, a few hundred yards distant, which he claims he built. Soon after this his mother moved over to this house and lived with him and his family. Appellant managed the place for his mother and attended to her affairs. They thus lived on the place until 1890, when his wife died, and in that year he moved from there to the village of Richland, several miles distant, where he has resided ever since. In 1892 he married again, and acquired property in Richland in which he has resided as his home with his family ever since. There seems never to have been any actual residence, or homestead in fact, by appellant on the land outside of the 200-acre tract. There never has been any attempt at a partition of any of the land, and it appears that by common consent of all interested the widow has been permitted to possess and enjoy the entire property as her own. To show the attitude of appellant to this property during all this time, we refer to some of his own testimony: "The farm and cultivated land is on the Kincannon survey. [If this is so, all of it was on the 200 acre homestead tract.] I worked the land while I was there. I was not charged any rent. I left Navarro County in 1882. * * * Mother and I occupied the land after I returned in 1888. Never heard of any adverse claim to any interest, only I knew what I had done. I have had as much as one-seventh of the rents of the place. When I did not rent the land I cultivated as much as one-seventh, I think. I moved to Richland in 1890. Mother claimed the whole place and possession of it. I have always managed the place for mother and she relies on me to do it. The place was rendered for taxes in her name, and I paid the taxes for her. After the new house was built, the old house was used for servants. I have lived in Richland with my family since 1890, and

have continued to look out after the renting of the place for her. Since 1890 the whole place has been under fence. I would turn a part of the money that was made over to mother. I did not charge her for looking after the business. She got everything that was right. I bought property at Richland. I lived there about four years before I bought, before that I rented property. I only used the property at Richland as a home. I have used the property at Richland as a home. I have used my place at Richland as a home and am now using it as such."

*Conclusions of Law.*—1. In 1882, when the deed in question was made, appellant and his family was living on the homestead tract with his mother. The latter had the possessory right to this tract during her life, and has since the death of her husband exercised and is still exercising that right. Appellant had no other property than the interest he inherited in these lands. His presence with his family, living on the 200 acres, was permissive. As to the undivided interest he had in, and the present right of possession of the land outside, the 200 acres, he seems never to have occupied this outlying land and it was never by any possible contention his homestead in fact. It is contended by appellee that the condition of the title and the right of possession was such that he could not have had homestead in any of the land which the mother had a life estate in. In view of some decisions, it may be an interesting question whether or not the law under certain circumstances similar to those here would recognize a homestead right in a remainderman during the life estate. Gardner v. Douglas, 64 Texas, 76. While we doubt that the homestead right would be extended that far, it is not necessary to pass on the question in this case.

2. Assuming that he had an existing homestead right at that time in any of the land, his deed, although not executed by his wife, operates as a conveyance, by reason of the fact that he afterwards left the place and acquired another homestead. Marler v. Handy, 88 Texas, 428; Stallings v. Hallum, 89 Texas, 431; Mortgage Co. v. Fleetford, 66 S. W. Rep., 103, and cases discussed.

3. As to limitations: Under the testimony the court may properly have concluded that the possession of appellant was not held by virtue of any claim of title in himself, but was in fact possession for and on behalf of his mother. It warranted finding that the possession has in fact always been the mother's, and that appellant's presence on the premises was in subordination to her claim not only in the homestead tract, but in the balance of the land as well. The evidence presents a much better case of title by limitations on behalf of the mother so far as the fact of possession is concerned than exists in behalf of appellant, and it would hardly be contended under the facts and circumstances in this record that she could claim title by limitations. Besides, appellant admits that some time in 1890 he moved away from the land. There could not have been ten years possession by him between 1882 and 1890. Since the latter date he has never lived upon the land or

occupied it, and his connection with it has been the management of the place for his mother. We conclude upon this issue that the judgment should be sustained.

We regard the fifth and sixth assignments as without force.

The judgment is affirmed.

*Affirmed.*