### MRS. MARY TUGGLE ET AL. V. WAKEFIELD IRON AND COAL IMPROVEMENT COMPANY.

#### Decided November 12, 1902.

**Heirship—Identity of Ancestor and Grantee.**

A judgment for defendants will be sustained where plaintiffs, claiming the land sued for as heirs of a grantee who received the bounty warrant for services in the Texas army, there being several of the same name shown to have served, fail to identify their ancestor as the one who received the warrant in question.

Appeal from the District Court of Llano County. Tried below before James Flack, Esq., Special Judge.

*Lauderdale & Opp,* for appellants.

*John C. Oatman* and *McLean & Spears,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 640 acres of land, known as the John McClanahan survey, in Llano County. The plaintiffs are Tom McClanahan and Mary Tuggle.

There was a nonjury trial resulting in a judgment for the defendant. The plaintiffs submitted testimony showing that they were the children and only heirs of John McClanahan, who resided in De Witt County, Texas, from 1842 to the time of his death in 1855. The bounty warrant or certificate by virtue of which the land in question was granted to John McClanahan was issued January 20, 1838, and recites the fact that John McClanahan had served in the army of Texas from the 22d day of September, 1836, to the 22d day of March, 1837.

The defendants submitted testimony tending to show that, between 1836 and 1840, more than one John McClanahan served in the army of Texas; and no evidence was offered to show that the John McClanahan who was the father of the plaintiffs was the one who served from September, 1836, to March, 1837, and to whom the certificate by virtue of which the land in question was patented was issued. This being the condition of the testimony, and the trial court having filed no conclusions of fact, it is to be presumed that that court held that the plaintiffs failed to show that they were the children and heirs of the John McClanahan to whom the land was granted; and, there being testimony to support that conclusion, this court hereby makes such finding of fact. This finding results in an affirmance of the judgment, and renders it unnecessary to consider the question of limitation.

*Affirmed.*