## H. M. SPALDING ET AL. V. A. D. ALDRIDGE ET AL.

### Decided April 15, 1908.

**1.—Trial by Court—Conclusions.**

Where the judge trying the case filed no conclusions of fact, the judgment, in the absence of error in the trial, must be sustained if there is testimony in the record supporting any theory which will authorize the judgment.

**2.—Assignment for Collection—Judgment.**

In an action to subject property of defendant to a judgment recovered against him by plaintiff on a claim assigned to him by another, a defense is established by proof that the assignment was for collection only, and that the heirs of assignor, the real owner of the judgment, have transferred their interest to defendant.

**3.—Evidence—Harmless Error.**

Errors in the rulings on the admission of evidence become harmless on appeal where the judgment must be sustained upon an issue not involved in such rulings.

**4.—Judgment—Harmless Error.**

An appellant cannot complain of rulings not affecting the judgment with respect to the rights claimed by him.

Error from the District Court of Dallas County, 44th District. Tried below before Hon. Richard Morgan.

*W. P. Ellison,* for plaintiff in error.

*W. J. Moroney,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—The record in this case shows that at different times there were three chartered corporations in this State, known as the Texas Trunk Railway Company. When the second was organized the first was dissolved, and when the third was organized, the second was dissolved. The last corporation went into the hands of a Federal Court receiver, and it seems that after the receivership was closed certain property was discovered belonging to the corporation, and this suit involves the right of certain parties to that property. H. M. Spalding, as plaintiff, instituted the suit, alleging that he was a creditor of the Texas Trunk Railway Company, and entitled to an interest in the property or to have it applied pro rata to the payment of his debt.

Several of Spalding's creditors intervened, alleging that they had acquired or were entitled to his interest in the property. D. A. Robinson also alleged that he was a creditor of the Texas Trunk Railway Company, and entitled to the same relief as claimed by Spalding. A. W. Nowlin intervened, and claimed an interest in the claim asserted by D. A. Robinson.

In addition to exceptions and a general denial, the defendants filed a voluminous special answer, the terms of which need not be stated, as the assignments of error do not raise any question of pleadings.

There was a non-jury trial which resulted in a judgment against Spalding and the other litigants claiming under him, and in favor of D. A. Robinson and intervener A. W. Nowlin for Robinson's distributive share of the proceeds of the property.

Spalding, the plaintiff, and those claiming under him, and D. A. Robinson and A. W. Nowlin, claiming under Robinson, have brought the case to this court by writ of error.

The trial judge filed no conclusions of fact, and therefore the judgment must be sustained if there is testimony in the record which will support any theory which will authorize the judgment, and if no error was committed during the progress of the trial.

It was shown that one Malcolm Henderson assigned a debt owing to him by the Texas Trunk Railway Company to the plaintiff Spalding, which debt Spalding sued upon and reduced to judgment. The defendants alleged that the debt referred to was transferred to Spalding for collection only, and that the judgment obtained thereon by Spalding was in fact the property of Henderson. They also alleged and proved that Henderson was dead, and that his heirs had conveyed the property to the defendants.

It is contended on behalf of the defendants in error, and we sustain that contention, that evidence was heard which supports a finding to the effect that the judgment relied on by Spalding and those claiming under him, was never his property but belonged to Malcolm Henderson. This being the case, and the defendants having acquired Henderson's interest from his heirs, it is unnecessary to pass upon many of the questions presented in plaintiffs in error's brief.

There are only three assignments relating to the action of the court in reference to the admission of testimony. These complain because certain testimony was admitted. The testimony complained of related to another issue in the case, and evidently was not considered by the court in determining whether or not the Spalding judgment was Spalding's property or the property of Henderson. As to Robinson and Nowlin, who claims under him, it is manifest that the evidence referred to did not influence the court, because their claim was allowed, and there is no assignment of error complaining of the amount awarded to them.

No reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.