### COUNTY OF WEBB v. M. S. HASIE, JR.

Decided October 21, 1908.

**1.—Pleading—Sustaining Exception—Harmless Error.**

When it appears that the action of a trial court in sustaining an exception to a part of defendant's answer deprived the defendant of no substantial defense, and the vital issue in the case remained and was tried upon evidence pro and con, the ruling of the court, if error at all, is not reversible error.

**2.—Contract—Pleading—Evidence.**

In a suit by a contractor for the contract price of a bridge built by him, the defendant refused payment on the ground that certain plans and specifications, offered in evidence by the plaintiff, and in accordance with which the work was done, were not the plans and specifications on file in the clerk's office at the time the contract was made and which were referred to and made a part of the contract; plaintiff alleged that they were the identical plans and specifications then on file in the clerk's office and referred to in the contract. Held, plaintiff was entitled to support his allegations by any evidence which tended to prove the same, and the plans and specifications claimed by plaintiff to be the true and original plans and specifications were properly admitted in evidence.

**3.—Building Contract—Reference to Plans and Specifications.**

Where a county, in a contract for the building of a bridge, refers to certain plans and specifications at the time on file in the clerk's office and makes the same a part of the contract, the contract will be binding on the county even though the original plans, which the county had adopted and by which it intended to build the bridge, had been purloined and others substituted, the

substituted plans being on file when the contract was made, and the contractor not having notice of the fraudulent substitution.

### 4.—Contract—Unilateral Mistake.

In the absence of fraud, a court of equity will not grant relief because of a mistake of fact on the part of one only of the contracting parties.

Appeal from the District Court of Webb County. Tried below before Hon. J. F. Mullally.

*Atlee & Atlee,* for appellant.

*Earl D. Scott,* for appellee.

JAMES, CHIEF JUSTICE.—The appellee sued the county upon a contract for the construction of a bridge according to the plans and specifications on file in the office of the county clerk, made a part thereof, and obtained judgment for $4,393. The contract, dated September 19, 1905, which was an exhibit to the petition, was: "To build, paint and erect in place, including all dirt fills, by the 19th of March, 1906, for the county, a steel bridge with approaches across the Santa Isabel creek, consisting of one 75-foot span, 175½ feet of approach, and the necessary dirt fills at each end of the bridge," the entire bridge to be built in accordance with plans on file, and forming a part of this contract, "for the sum of $3,964."

The petition alleged that on or about August 17, 1905, the county commissioners advertised that bids would be received by the county clerk up to noon of September 18, 1905, for the construction of a steel bridge across said creek; that plans and specifications for same were on file and subject to inspection in said clerk's office, etc. That on the 18th of September, before noon, plaintiff filed his bid in said office, in accordance with the plans and specifications then on file, etc., and that on the same day the contract was awarded plaintiff by the commissioners, who entered a special resolution and order awarding the contract to plaintiff, and ordering the contract to be signed in duplicate by the county judge on the part of the county, which was done as above stated. Plaintiff alleged compliance with what the contract required in respect to a bond and deposit, and that he proceeded in accordance with the said plans, etc., on file in the clerk's office, and finished the bridge in a good, substantial and workmanlike manner, and fully according to said plans and specifications, before the date fixed, when the county became liable to him for said contract price. That plaintiff tendered the bridge and demanded the price, which defendant refuses to pay. The petition contained further allegations, which sought to assert a builder's lien or title to the bridge, and in the event the prayer for the contract price was for any reason not allowed he asked for other relief.

The answer contained a general denial. It pleaded specially that plans and specifications for the bridge were made for the county by Chas. E. Frees, which were approved and placed on file in the office of the county clerk; that said original plans, etc., upon which bids were invited, and which were submitted to all those who bid, have disap-

peared from the clerk's office, and diligent search has failed to trace them; that the plaintiff, on September 18, 1905, examined the same and prepared his bid, and submitted same, which was accepted and the contract entered into. That the contract so entered into required a bridge to have a 16-foot roadway; piers or cylinders 3 feet in diameter; flooring 3 inches thick, etc.; that the roadway, etc., were shown on the plans submitted by appellant for competitive bids, and that the bridge was not constructed by plaintiff in accordance with such plans, but instead was constructed with a 12-foot roadway, and with materials of lighter weight and smaller dimensions.

That on or about March 8, 1906, the Commissioners Court entered an order reciting that, "It having been brought to the attention of the court that there is evidently a discrepancy between the original plans and specifications for the San Isabel bridge, bid upon by various contractors, and the tracing now in the office of the county clerk, it was ordered by the court that Webb County refuse to receive said bridge as erected by M. S. Hasie, Jr., contractor, for the present, and that payment on his contract with Webb County for such construction be temporarily suspended.' And on March 13, 1906, the following order, which recited: "And it appearing to the court that said bridge has not been constructed in accordance with the plans and specifications furnished by this court, and upon which bids for the construction of said bridge were invited by this court and the contract awarded, it is therefore considered and decreed by the court that the said bridge be, and the same is hereby rejected, and the claim of M. S. Hasie, Jr., for the sum of $3,964 for the construction thereof, is hereby in all things disapproved and payment refused." That said original plans or drawings for which bids were invited and received, and which were submitted to all the bidders, have disappeared from the office of the county clerk and can not be found.

"(4) And defendant further says that the disappearance of said plans occurred, as defendant is informed and believes, and so alleges, after plaintiff had examined the same, and had submitted his bid, and had made the contract sued on, and that they were removed from the office of the county clerk of Webb County at the instance of plaintiff, fraudulently, and for the purpose of carrying out a scheme, and to cheat and defraud the said county, and to enable plaintiff to construct and tender a structure to said county different in dimensions and of lighter and different materials from that contracted for; that, in the perpetration of such fraud, other and different plans, with the knowledge of plaintiff, were thereafter substituted and returned to the office of the county clerk of said county, instead of said original plans, without the knowledge or consent of said clerk or of any officer or agent of said county, or of any member of the Commissioners Court of said county, which substituted plans have there remained ever since, but the said substituted plans have never been recognized or adopted by defendant in any manner, and are not the plans of the structure or bridge for which the said contract sued on was made.

"(5) Wherefore, defendant says that it is not liable to plaintiff by reason of any of the matters alleged in his said petition; but, by reason of the fraud and fraudulent acts of plaintiff, and his failure to perform

his said contract, defendant has suffered damage, to wit, in the sum of $5,000; that, by reason of the frauds and failures aforesaid, the defendant has not been able to afford and provide for public use the convenient facilities for crossing the Santa Isabel creek in Webb County at a point where there is a great public necessity therefor; that the pretended structure is not adapted as would have been the structure contracted for, and defendant does not desire to open the same and make of it a highway; and defendant prays that it be discharged as to any liability alleged by plaintiff, and that it have judgment against plaintiff for its said damages, and for costs of suit, and for such other and further relief as in law or equity may be deemed meet and proper."

The court, upon exceptions, struck out of clause 4 that part which read: "At the instance of plaintiff, fraudulently, and for the purpose of carrying out a scheme, and to cheat and defraud the said county, and to enable plaintiff to construct and tender a structure to said county different in dimensions, and of lighter and different materials from that contracted for," and "in the perpetration of such fraud." And out of clause 5 the words: "But by reason of the fraud and fraudulent acts of plaintiff, and his failure to perform the said contract, defendant has suffered damage in the sum of $5,000," and "frauds and." This action of the trial court is the subject of the first assignment of error.

Appellant's proposition (as embodied in the first assignment) is that the allegations of the answer, in connection with what was stricken out, constituted sufficient allegation to warrant the admission of testimony of the fraudulent substitution of plans for the construction of a bridge, and the clause: "But, by reason of the fraud and fraudulent acts of plaintiff, and his failure to perform his said contract, defendant has suffered damages, to wit, in the sum of $5,000," and also the clause "fraud and," in connection with the remaining allegations, were sufficient to warrant the admission of testimony as to the amount of damages suffered through the fraudulent acts and failures of plaintiff.

It appears to us to be unnecessary to investigate the sufficiency of the allegations or the merits of the proposition. It will be seen that the fraud undertaken to be alleged by the answer consisted in the fact that, when the contract was made, the plans on file were the original ones, and these were afterwards changed by substitution, by or with the knowledge of plaintiff, for fraudulent purposes.

The plaintiff's case, as made by the petition, was that the plans, etc., referred to in the contract and on file when the contract was made, were those in accordance with which he had built the bridge; that, by reason of his having built it in accordance with same, he was entitled to be paid the contract price.

Now, the answer, as it remained, raised the issue as to what plans, etc., were then on file; that is, whether they were the originals or not. A finding that they were the originals, as the same were alleged by defendant, would have defeated plaintiff's recovery. That issue (which was the foundation of the allegations stricken out) remained, was tried, and upon evidence sufficient to sustain a finding that the plans, etc., then on file were not said originals, but such as accorded with the work as done. There being no conclusions of the judge, all issues upon which

there was evidence must be taken as resolved by the trial court in favor of the judgment.

There being the issue whether or not the originals, or other than the originals, were on file when the contract was entered into, and this issue being litigated, it must be presumed that defendant adduced what evidence it had on the subject. Our conclusion is that, had the court not stricken out the clauses referred to, defendants would have been in no better position than they now are; the fact underlying the clauses would presumably have been litigated and resolved against defendant, as was done at this trial, and therefore it appears that no harm has followed to defendant from the ruling.

The second assignment of error reads: "The court erred in admitting in evidence, over objection of defendant, the tracing of a plan for a bridge, the same not being a tracing of the plans which the Commissioners Court had in mind when they solicited bids for the construction of a bridge over the Santa Ysabel creek, and there being no evidence showing that such tracing, or plans from which the same was made, had ever been filed in the office of the county clerk of Webb County; and because the said tracing was shown by the evidence to have been substituted for plans which the Commissioners Court had adopted, and upon which bids had been solicited, and that such substitution had been accomplished without the knowledge or consent of any officer or agent of defendant or of any member of the Commissioners Court; and that such substituted plans had never been recognized nor adopted by defendant in any manner, and were not the plans of the structure or the bridge for the erection of which bids were solicited, all as shown in defendant's bill of exceptions No. 1."

Other testimony of the tracing was introduced without objection. In addition to this, we conclude that, as plaintiff had alleged that the plans, etc., on file when the contract was made were those in accordance with which the work was done, he was not required to prove more than that fact, and was clearly entitled to introduce any testimony which tended to show that fact. Our opinion is that the contract is by its terms to be construed as having reference to the plans then on file in the county clerk's office, as will be explained hereafter, and which disposes of the fifth and sixth assignments of error.

The qualification of the court to the bill of exceptions disposes of the third assignment; also the qualification to the bill which is the subject of the fourth assignment.

The proposition under the seventh assignment is: "That appellant alleged facts fraudulent *per se*, viz.: That a bridge had been constructed not in accordance with plans adopted by the Commissioners Court, and such facts having been proven, the law should not hold defendant liable." As we have already stated, the plans originally adopted may have been different from those existing in the clerk's office when the contract was executed, and which were made a part thereof, yet the county by its contract adopted those then on file, so far as the contract in question is concerned, and defendant is not wronged by being held to the performance of its contract.

The proposition under the eighth assignment is: "The facts alleged in defense and proven on the trial were fraudulent *per se*, viz.: That a

bridge was constructed not in accordance with plans adopted by the Commissioners Court, and the evidence showing, or tending to show, that appellee was a party to such fraudulent acts, the law applicable to such issue requires that judgment be rendered for appellant." Inasmuch as there was evidence freeing plaintiff from any connection with the change of plans, or knowledge thereof, that issue, in so far as it affected the case, must be taken to have been determined by the trial judge in his favor.

The ninth assignment is, that the court erred in not granting a new trial, "because the plaintiff, having brought an action at law to recover strictly according to the terms of a written contract, and having failed to show a meeting of the minds in a contract to build a bridge of the dimensions as to width, cylinders and materials of the bridge constructed by plaintiff, is not entitled to relief at law, and plaintiff is entitled to no relief under the pleadings unless it be the equitable relief prayed for, viz., permission to remove and take away said bridge and materials."

The testimony developed the fact that there was no mutual mistake as to what plans, etc., were intended as the subject-matter of the contract. The court was authorized by the testimony to find that the commissioners thought they were contracting with reference to other plans than those which the court may have found were on file at the time, and that they so intended, but may have found also that there was no mistake on the part of the plaintiff, or other intention on his part than to contract with reference to what was then on file. It must be taken by us in support of the judgment that the court thus resolved the facts. This would bring the case within the rule announced in May v. San Antonio & A. P. Townsite Co., 83 Texas, 505. There was ample testimony to support a finding that plaintiff was guilty of no fraud, and this fact the court must be presumed to have found also.

Under the tenth assignment the proposition is that the county clerk did not have authority to exhibit other plans than those adopted by the Commissioners Court, and if he did exhibit other plans his act was not binding on appellant. The testimony would sustain a finding that, within the time in which bids were to be received, to wit, before noon of the 18th of September, plaintiff for the first time came to Laredo, went to the clerk's office where the advertisement directed him to go for the inspection of the plans, and that he then and there went over the same with the clerk, and formulated his bid thereon, which went in and was accepted by the court, and the contract executed under appropriate orders, and that if the plans had been changed or substituted plaintiff had no knowledge of it, and that neither party had knowledge or suspicion of it until about when the work had been completed in good faith by plaintiff, and in accordance with the plans on file when the bid was formed and the contract made.

The county was authorized by article 4792 Revised Statutes to cause all necessary bridges to be built. We find no statute restraining the exercise of this power, so that the county could be said to be without power or capacity to enter into a contract with regard to plans then on file, or without power to contract other than for a bridge according to plans they originally adopted. There being no question of power or legal

capacity to contract, the question resolves itself simply into one of contract. Sexton v. Chicago, 107 Ill., 323.

There is no proposition presented under the eleventh assignment.

The judgment is affirmed, but without damages for delay.

*Affirmed.*

Writ of error refused.