## SOUTHERN WELLS SALES CO. v. EASTHAM. (No. 27.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 16, 1915.)

1. APPEAL AND ERROR &#9758;934—REVIEW—PRESUMPTIONS.

Where a case was tried to the court which did not file any conclusions of fact or law, but rendered general judgment, the appellate court will impute to the trial court findings in support of the judgment if there is any evidence to support them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. &#9758;934.]

2. APPEAL AND ERROR &#9758;1011 — REVIEW — FINDINGS.

The appellate court is loath to disturb a finding of fact by the trial court on conflicting evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. &#9758;1011.]

3. MASTER AND SERVANT &#9758;39 — BREACH OF CONTRACT—BURDEN OF PROOF.

In an action by a servant to recover as damages for the master's breach of a contract of employment the salary which he would have earned before the expiration of the term of employment, the master has the burden of pleading and proving that the servant did not attempt to minimize damages by securing other like employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 45, 46; Dec. Dig. &#9758;39.]

Error from Jefferson County Court; R. W. Wilson, Judge.

Action by A. L. Eastham against the Southern Wells Sales Company, begun in justice court and appealed to county court. There was a judgment for plaintiff in county court, and defendant brings error. Affirmed.

V. A. Collins, of Beaumont, for plaintiff in error. McCall, du Perier & O'Fiel, of Beaumont, for defendant in error.

BROOKE, J. On the 4th day of December, 1913, the defendant in error brought this suit in justice court precinct No. 1, Jefferson county, Tex., against plaintiff in error, for the sum of $132.90, alleged by defendant in error to be due him by plaintiff in error for breach of contract of employment—that is, alleging that he was employed by plaintiff in error by the month, at $175 per month—that on July 12, 1910, plaintiff in error discharged him, without fault on his part, and refused to allow him to complete his month, and refused to pay him for the part of the month during which he was not permitted to work, and alleged that he was unable to obtain employment for the balance of the month, and offered to complete the current month's service with plaintiff in error, but that said parties refused to allow him to complete the term of service alleged. Plaintiff in error answered that defendant in error was discharged for insubordination, and that at the time he was discharged he was engaged in

the organization of a competing company to compete with the business of plaintiff in error, and that plaintiff in error could not afford to keep him in its employ, on that account. On the 9th day of January, 1914, a trial was had, resulting in judgment in favor of the defendant in error for the amount sued for. In due time the plaintiff in error perfected its appeal to the county court of Jefferson county. In the county court a written answer was filed by plaintiff in error, elaborating on the defenses urged in the justice court. On the 30th day of November, 1914, said cause was tried de novo in said county court, resulting again in a judgment in favor of the defendant in error. Plaintiff in error timely filed its motion for new trial, which the court overruled on December 21, 1914, to which action the plaintiff in error excepted, and gave notice of appeal, but the appeal was not perfected. However, on February 3, 1915, plaintiff in error filed a petition for writ of error, and filed its writ of error bond, and notice was given, and the case is now properly before this court.

[1] The plaintiff in error's first assignment assails the action of the lower court in finding as a fact that defendant in error had a contract of hire with plaintiff in error by the month, and that the defendant did not have the right to dispense with defendant in error's services whenever it desired to do so, and contended that the evidence showed that defendant in error was paid his wages semimonthly.

While the case was tried by the lower court, he did not file any conclusions of fact and law, but rendered a general verdict for the defendant in error. It has been held that, where the record contains no findings of fact, the court will impute to the trial court such a finding, if there is evidence to support it. Ragley Lbr. Co. v. Ins. Co., 42 Tex. Civ. App. 511, 94 S. W. 185; Harris v. Monroe Cattle Co., 84 Tex. 674, 19 S. W. 869; Webb Co. v. Hasie, 52 Tex. Civ. App. 16, 113 S. W. 188–190; Railway Co. v. Dorman, 62 S. W. 1086; Anderson v. Carter, 29 Tex. Civ. App. 240, 69 S. W. 78; Tuggle v. Iron Co., 30 Tex. Civ. App. 393, 70 S. W. 555; Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560. There was evidence in the record, which, if believed by the trial court, would support a finding that the defendant in error was employed by the month, and worked by the month, and we are not inclined to disturb the finding of the court. Plaintiff in error's first assignment is therefore overruled.

[2] By his second assignment of error, plaintiff in error urges that the lower court erred to its prejudice in holding that defendant in error had any contract of employment with plaintiff in error for any particular time, and, without going into details, what has been said before with reference to the first assignment of error will obtain with respect to this assignment, and we are not disposed, while the evidence is conflicting, to disturb the finding of the court. The second assignment is overruled.

By its third assignment, the plaintiff in error claims that the lower court erred to its prejudice in not holding that defendant in error had failed to discharge the duty the law puts upon him to minimize the damages all he could.

[3] There is evidence in the record to show that defendant in error tried to find employment of the same character at other places, but was not successful in doing so, and the law, as we understand it, does not require the defendant in error to plead and prove a failure to secure employment, but this burden was placed upon the plaintiff in error, and it must have pleaded and proved such matters as a defense in the trial court, and it not having either pleaded or proved such matters, and the issue having been raised for the first time in the motion for new trial, plaintiff in error cannot be heard to complain now. The following authorities support the view of the court in this matter: Weber Gasoline Co. v. Bradford, 34 Tex. Civ. App. 543, 79 S. W. 46; Efron v. Clayton, 35 S. W. 424; Telephone Co. v. Bross, 45 S. W. 178. Plaintiff in error's third assignment is therefore overruled.

By the fourth assignment of error, plaintiff in error claims the court erred in refusing to hold that it had a right to dispense with the services of defendant in error at the time it did so, claiming that the evidence showed that defendant in error had, while in its employ, organized a rival business.

The testimony, in the view we have taken of it, does not sustain plaintiff in error's contention on this point. This assignment is therefore overruled.

The case was tried in the lower court, and, so far as this record discloses, plaintiff in error had a fair and impartial trial, and no injustice has been done it, so far as we are able to discover, and the judgment of the lower court is in all things affirmed.

It is so ordered.