## McMAHON v. KIRBY. (No. 6644.)

(Court of Civil Appeals of Texas. Austin. Oct. 24, 1923. Rehearing Denied Nov. 28, 1923.)

1. **Appeal and error** ⊚⟹931(3)—**In absence of findings, court presumed to have found for appellee.**

Where court which tried case without a jury made no specific findings of fact, and none were requested, and the evidence is sufficient to support the judgment, it will be conclusively presumed, in support of the judgment, that the court found in favor of appellee on issues on which evidence was conflicting.

2. **Appeal and error** ⊚⟹1011(1)—**Judgment on conflicting evidence not disturbed.**

Judgment on conflicting evidence will not be disturbed.

3. **Appeal and error** ⊚⟹1052(5)—**Exclusion of evidence held harmless in view of judgment.**

In broker's action for commission, in which defendant claimed that under his agreement with plaintiff he was merely to execute a quitclaim deed, and that purchaser procured by plaintiff had refused to accept such a deed, the exclusion of testimony as to the purchaser's willingness to pay the price demanded *held* harmless, in view of presumption in support of judgment for defendant, in absence of specific finding to contrary, that defendant's obligation was merely to execute a quitclaim deed.

4. **Appeal and error** ⊚⟹1050(1)—**Introduction of telegram and letter held harmless in view of testimony as to contents.**

Admission of telegram and letter in evidence *held* harmless in view of testimony as to contents thereof given without objection.

5. **Evidence** ⊚⟹116—**Evidence held admissible to explain apparent inconsistency in other testimony.**

In broker's action for commission, in which defendant had testified that purchaser procured by plaintiff had notified him that he was unable to raise the money, but that he had subsequently forwarded the deed, his testimony that he had forwarded the deed because he had received a telegram that purchase money was ready, and that purchaser demanded deed, *held* admissible to explain why he had sent the deed.

6. **Evidence** ⊚⟹69—**Bid handed to hotel clerk for delivery to party not presumed to have been delivered.**

In broker's action for commission, testimony that purchaser procured by plaintiff had given a written bid to a hotel clerk, with a request to deliver it to the defendant or place it in his box, *held* properly excluded, in view of failure to prove that defendant received the bid; there being no presumption in such case that bid was delivered to defendant.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by W. B. McMahon against R. H. Kirby. Judgment for defendant, and plaintiff appeals. Affirmed.

Warren & Conn and Gavin Ulmer, all of Houston, for appellant.

White, Wilcox & Graves, of Austin, for appellee.

### Statement.

BLAIR, J. Appellant sued appellee for the recovery of an alleged brokerage commission due him for procuring purchasers ready, willing, and able to buy two tracts of timber land owned by appellee in Orange and Newton counties, under an alleged contract to pay 5 per cent. commission on the sale price thereof. Appellant's theory of recovery was based upon an alleged contract between himself and appellee, by the terms of which appellant agreed to take prospective purchasers of the timber lands to inspect it and to inform them that other purchasers were bidding, and that the highest bidder would get the timber lands—the purpose being to encourage competition in order that a better price might be obtained for the timber lands, the said bids to be made to appellee not later than a certain date named, and that appellee agreed to accept the bidder who offered the best price, or gave the highest bid, and that appellee agreed to sell for all cash, or part cash upon terms of deferred payment acceptable to him, and to execute a quitclaim deed, allowing five years in which to cut the timber. For his services in procuring the competitive bidders appellant was to receive a commission of 5 per cent. on the sale price of the timber lands listed with him.

The facts pleaded by appellant, upon which he claimed a commission based upon the contract, were that, in pursuance to the agreement, he showed or caused W. J. Saunders, R. S. Barber, A. M. H. Stark, and S. B. Conn to inspect the timber lands in Newton county; that appellee agreed to accept the bid of S. B. Conn for $44,000, of which part was to be paid in cash and the balance on time payments, and to execute his quitclaim deed allowing five years in which to cut the timber, but that appellee subsequently accepted the bid of W. J. Saunders instead of Conn, without the consent of appellant, and that later, because of some disagreement with Saunders, appellee again instructed appellant to resume negotiations with Conn, who agreed to purchase the timber on the Newton county land for the sum of $45,000, and that appellee agreed to execute a warranty deed to Conn conveying said timber

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land, and that, although appellant procured Conn, a purchaser who was ready, able, and willing to purchase the timber land in Newton county upon the agreed terms of appellee, appellee refused to convey the same by warranty deed as agreed, and still refuses to do so.

The facts alleged as to the Orange county timber lands are that the appellant showed the same to R. S. Barber, who offered to pay appellee $15,000 cash therefor, and, although appellee had agreed to accept the highest responsible bidder, and although Barber was ready, willing, and able to pay the amount bid, appellee refused to accept his bid, and still refuses to accept the same. And it is further alleged that $15,000 was a fair and reasonable price for the Orange county timber lands. Wherefore appellant contends that he is entitled to a 5 per cent. commission on $60,000, the combined sale price of the two tracts of land, aggregating the sum of $3,000 alleged to be due him as a commission.

Appellee answered by general demurrer and general denial, as well as by special exception, and further denied specifically that he at any time agreed to convey the lands or any part thereof by warranty deed to any one, or authorized appellant to inform purchasers that he had so agreed to warrant the title, but at all times had advised all purchasers that he would not warrant the title, and had so instructed appellant at all times, and further specifically pleaded that he did agree to sell Conn the Newton County timber for a cash consideration of $45,000, and that he agreed to execute a quitclaim deed thereto, allowing five years in which to cut the timber, and, further, that, in accordance with such an agreement, he did execute and tender to S. B. Conn a quitclaim deed conveying the title to the Newton county land, allowing 5 years in which to cut the timber, which deed Conn refused to accept, or to pay or tender appellee the purchase price agreed upon. Wherefore he alleged that appellant was not entitled to recover a commission based thereon.

The trial was had upon the issues as joined by the pleadings before the court, a jury being waived, and the court after hearing the evidence, rendered judgment for appellee. The trial court was not requested to file specific findings of fact and conclusions of law, and did not do so, but the judgment rendered merely recites "that the law and the facts are with the defendant."

### Findings of fact.

An examination of the statement of facts filed herein discloses that appellant proved substantially the facts alleged in his pleadings, and that appellee proved substantially the facts alleged in his answer to appellant's pleadings, and that upon this conflicting testimony the trial court found for appellee.

We find that the judgment of the trial court, although based upon conflicting testimony, is sufficiently supported by the evidence.

### Opinion.

Appellant presents 11 propositions of law, based upon his various assignments of error and bills of exception, by which he seeks a reversal of this case. Propositions Nos. 3, 4, 5, 6, 7, and 8 merely set forth general propositions of law applicable to real estate brokers, and assume that appellant has conclusively proved the facts necessary to entitle him to recover under the law asserted. For instance, proposition 3 asserts that, in an action by an agent for compensation for negotiating a sale, where the services were performed under a contract stipulating that the compensation was to be a percentage out of the proceeds of the sale, the court should find for the agent where the sale did not go through because of the principal's refusal to comply with the terms of the contract of sale as outlined by himself.

The fourth proposition asserts that, in an action by an agent for compensation for the sale of property under an agreement that no price should be set, but that the property should be sold to the highest bidder under a competitive bidding plan, bids to be received within a certain specified time, the agent having found and brought to the principal such highest bidder, who was ready, able, and willing to purchase the property upon the principal's terms, where no sale is effected because of the failure of the principal to comply with the terms, the agent is entitled to his compensation.

The fifth proposition asserts that in an action by an agent for compensation for negotiating the sale of property where the buyer meets all conditions precedent, and the principal refuses to convey, the court should hold that the agent had earned his commission.

The sixth proposition asserts that, where an agent is authorized to procure a sale, in order to earn his commission he need only prove that he procured a buyer who was ready, able, and willing to buy on the terms fixed, and that the contract failed because of the failure of the owner to comply with the contract as made.

[1, 2] Propositions 7 and 8 assert similar general propositions of law, and we do not deem it necessary to recite them here. As general propositions we do not differ with the principles of law asserted by appellant; but, since each one assumes that the appellant had conclusively proved such state of facts to exist, they therefore resolve themselves into the one question of the sufficiency of the evidence to sustain the judgment rendered, based upon the various theories of recovery as pleaded by appellant. We are of the opinion that since the trial was before

the court a jury being waived, and no specific findings of fact having been requested and none made by the trial judge, the evidence is sufficient to support the judgment rendered, since it is based upon conflicting testimony. In other words, appellant having as a part of his cause of action, asked a recovery upon an alleged contract, by the terms of which he was to procure bidders for the purchase of certain timber lands, for which service he was to obtain a commission of 5 per cent. upon the best price bid, and the testimony being conflicting as to whether such contract was made as alleged, and the trial court, without a specific finding of fact, rendered judgment against appellant, it will be conclusively presumed, in support of the judgment, that the trial court found upon such issue of fact in favor of appellee. On this issue as made by the pleadings, the appellant testified that appellee contracted with him to accept the highest and best bid offered for the timber lands upon a certain date, and that he would sell to the highest bidder, and pay appellant 5 per cent. commission thereon; and appellant testified further that he procured such bidder or bidders. On this issue appellee testified that at no time did he agree to sell his property to the highest bidder unless the bid was satisfactory to him, and that the commissions were to be paid only in the event of a sale. The evidence, therefore, presents a conflict, and the trial court's judgment will be sustained.

Also, upon another issue in the case, the appellant having alleged as a part of his cause of action that he procured one R. S. Barber, who was ready, able, and willing to purchase the Orange county timber for $15,000, and that such sum was a fair and reasonable price therefor, and the evidence being conflicting as to whether or not any such bid was ever offered, or whether or not $15,000 was a fair and reasonable price therefor, it will be presumed that the trial court resolved the conflict in favor of the appellee.

Also, upon another issue in the case, appellant having alleged as a part of his cause of action, that he secured a purchaser for the Newton county timber in the person of S. B. Conn, whom he alleged was ready, able, and willing to buy such timber, and pay the sum of $45,000 in cash, and the evidence being conflicting as to whether Conn was able to pay the $45,000 in cash for the timber, it will be presumed that the trial court rendered judgment thereon in favor of appellee.

Also, on another issue of the case, appellant having further pleaded as a part of his cause of action that he procured a purchaser in the person of S. B. Conn, whom appellee accepted as a responsible purchaser, and agreed to convey the timber land in Newton county by warranty deed, and appellee having denied that he ever at any time agreed to sell the property to Conn and execute a warranty deed thereto, but, to the contrary, contended that he advised appellant and all prospective purchasers that he would not convey the property by warranty deed, but would only execute a quitclaim deed in conveyance thereof, there being conflict in the evidence upon this issue, it will be presumed in support of the judgment that the court found in favor of appellee thereon.

The six assignments above mentioned are therefore overruled. Harris v. Monroe Cattle Co., 84 Tex. 674, 19 S. W. 869; Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Hull v. Woods, 14 Tex. Civ. App. 590, 38 S. W. 256; Ragley Lumber Co. v. Ins. Co., 42 Tex. Civ. App. 511, 94 S. W. 185; Webb County v. Hasie, 52 Tex. Civ. App. 16, 113 S. W. 188; Robertson v. Lee (Tex. Civ. App.) 230 S. W. 730; Lewis v. Berney (Tex. Civ. App.) 230 S. W. 246; Blewett v. Richardson Independent School Dist. (Tex. Civ. App.) 230 S. W. 255; Boston & Tex. Corp. v. Guarantee Life Ins. Co. (Tex. Civ. App.) 233 S. W. 1022; Hemphill v. Romano (Tex. Civ. App.) 233 S. W. 125; St. L. S. W. Ry. Co. v. Culberson, (Tex. Civ. App.) 248 S. W. 111; James C. Davis, Agent, v. R. I. Bowen, 255 S. W. 621, recently decided by this court.

[3] Appellant's first and second propositions allege error because the trial court excluded and refused to hear the testimony of one Norvell, an officer of a bank, to the effect that the bank had agreed with purchaser Conn to pay the $45,000 cash for the timber land. Conn had testified to the same fact, and this testimony was offered to corroborate him; but, aside from this fact, which would probably render the error harmless, the error, if any, is also harmless and immaterial, since this court will be compelled, in absence of a specific finding of fact to the contrary, to hold that the trial court rendered judgment for appellee upon the issue made that appellee was not to furnish appellant a warranty deed to the land, and upon appellant's refusal to accept a quitclaim deed the contract was at an end, because of the unwillingness of the purchaser to proceed with the deal.

Appellant's ninth proposition contends that the trial court erred in admitting a telegram from appellee to C. A. Woods, one of the agents on the deal in question, to the effect, "Party unable to raise money," and also in admitting in evidence a letter from appellee to said C. A. Woods, which is as follows:

"Dear Judge: Your letter of 24th suggesting price be reduced to $44,000.00; this, as you know, would be beating Mr. Saunders out of his coms. which you arranged, so I could not consider it. The deed is still in the bank and is exactly what I agreed to do, as you know perfectly well, and no change will be made in it. Yours truly, R. H. Kirby."

The alleged error is predicated upon the proposition that the telegram and letter are self-serving, and a conclusion of the appellee.

[4] Appellee insists that we should not consider the proposition, since it violates rules 24, 25, 26, and 30 of the Courts of Civil Appeals, in that it combines two separate and distinct matters of evidence, preserved by two separate and distinct bills of exception, by different and distinct assignments of error, and relate to different and distinct matters. We are inclined to think this contention correct; however, aside from the rules announced, no error can be predicated upon the introduction of the telegram and letter, since the record shows that the contents of both had been testified to without objection, and the error, if any, would therefore be harmless.

[5] Appellant's tenth proposition complains of the action of the trial court in permitting appellee to testify why he sent the quitclaim deed to Conn as being a conclusion and opinion of the witness, and self-serving. We do not think the court erred in permitting appellee to so testify. Appellee contended that the purchaser, Conn, had notified him that he was unable to raise the money to pay for the timber lands, and that later he received a telegram from Mr. Woods which read:

"Abstracts ready; purchase money up. Conn demands deed. There will be trouble if deal is not completed. Wire me at once,"

—and that he immediately forwarded the deed, in order to carry out his contract and get his money. We see no error in permitting the appellee to so testify, since, without such explanation, his claim that Conn had notified him that he was unable to raise the purchase money would be in apparent conflict with his later act in executing and tendering a deed to the property, which Conn had told him he could not pay for.

The claim of notice of inability to raise the purchase money, being so inconsistent with the later act of executing a deed and attempting to proceed with the sale of the land, would be so conflicting as might, without the explanation of subsequent events, cast doubt or reflection upon the sincerity of the notice claim; and such explanation comes within the rule which permits a witness to make such explanations as will make the whole of his testimony consistent.

[6] Appellant's eleventh proposition complains that the court erred in excluding and refusing to hear evidence to the effect that Barber, the alleged bidder on the Orange county land, made a written bid of $15,500 and gave it to the clerk of the hotel at which appellee was stopping, with a request that he (the clerk) deliver same to appellee, or place it in his box. We see no error in excluding this evidence. Appellee testified that he received no such bid. The clerk of the hotel was not offered as a witness to show what he did with the bid or envelope addressed to appellee. At most the proof would only establish that a written bid had been delivered to a stranger to the contract sought to be enforced, without any proof, by circumstance or otherwise, that appellee had received the bid. No such presumption would arise in this instance of delivery as would arise if the bid had been put into the mail, properly addressed. Should it be held that the evidence was erroneously excluded, it would avail appellant nothing, since it was incumbent upon appellant to establish the bid was made, and, further, that it represented the reasonable value of the lands sought to be purchased. The appellee testified that he had been offered $30,000, for the land, and, in absence of a specific finding, we do not know but that the trial court may have found for appellee that the bid offered did not represent the reasonable value of the timber land.

We find no error in the judgment, and it is affirmed.

Affirmed.