### RICHARDSON et al. v. AMES et al.
### (No. 383.)

Court of Civil Appeals of Texas. Eastland. Jan. 6, 1928.

Rehearing Denied Feb. 17, 1928.

I. Wills ⬤⇒296—Wife's will held admissible, in contest of husband's will, to prove that the instrument signed by witnesses, who claimed to have witnessed joint will revoking contested will, was in fact wife's will instead of joint will.

Instrument which executor of contested will produced by pasting on paper numerous pieces of torn document, purporting to be will executed by testator's wife after execution of his will and later destroyed by her, for purpose of showing that it was possibly the instrument, which contestants' witnesses testified they were called to witness by husband, *held* admissible as against objections that executor was interested party,

<hr>

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

incompetent to testify as to what instrument was, and that it was irrelevant and immaterial.

**2. Wills ⊂⊃290—Burden was on contestants to show due execution of will expressly or impliedly revoking will probated.**

To show that testator revoked will probated by subsequent will, burden was on contestants to show by preponderance of evidence execution of subsequent instrument expressly or impliedly revoking former will with due formality and in accordance with legal requirements.

**3. Wills ⊂⊃306—Evidence held to support conclusions that contestants failed to show revocation of will by due execution of subsequent instrument.**

Evidence in suit to set aside judgment probating will *held* to support trial court's conclusions that plaintiffs failed to discharge burden of showing revocation of will by due execution of subsequent instrument.

**4. Appeal and error ⊂⊃1010(1)—Appellate court cannot disturb judgment reasonably supported by evidence in record.**

Where evidence in record reasonably supports trial court's conclusions, appellate court is not authorized to disturb the judgment.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by W. C. Richardson and others against David F. Ames, executor, and others, to set aside a judgment probating the will of J. S. Richardson, deceased. Decree for defendants, and plaintiffs appeal. Affirmed.

Morrow & Stollenwerck, of Hillsboro, and Penix, Miller & Perkins, of Mineral Wells, for appellants.

Ritchie & Ranspot, of Mineral Wells, for appellees.

LESLIE, J. At his death, July 22, 1921, J. S. Richardson left a will bearing date February 10, 1910. This will was admitted to probate in the county court of Palo Pinto county, Tex., August 17, 1921. It was witnessed by J. L. Young and Ola E. Young.

In due time, by petition filed in said court, plaintiffs W. C. Richardson and others sought to set aside the judgment probating that will upon the ground that it had been by the testator revoked, both expressly and by implication, and never republished. Upon this petition a trial was had, resulting in a judgment confirming the probate of the will. An appeal to the district court and a trial there likewise resulted in a decree favorable to the defendants, appellees here.

Trial was before the court. No findings of fact or conclusions of law are in the record. Five propositions of law are laid under as many assignments of error. The first group of assignments challenge the sufficiency of the testimony to support the judgment of the trial court, and by the second complaint is made of the admission of a certain instrument as evidence. The latter group will first be disposed of.

The plaintiffs below, appellants here, contended that the will of date February 10, 1910, had been expressly and impliedly revoked by one of a later date. Plaintiffs offered the testimony of the witness Dr. Lee Seamster to the effect that "in 1913 and 1915, somewhere along there," he, at the instance and request of the deceased, J. S. Richardson and wife, witnessed for them a joint will that disposed of their property in a manner different from and inconsistent with the disposition made by the probated will. Felix F. Blackwell testified that he, in connection with Dr. Seamster and H. W. Wickersham, witnessed such instrument, but that "it was in the year of 1918." The instrument about which these witnesses testified was not produced in court nor accounted for, and as they recalled its provisions, it provided that in case of the death of either, the survivor should have the possession of the other's property and the rents therefrom so long as he or she lived, and at his or her death the property, if any remaining, should be divided among their respective heirs. Under such a will the plaintiffs would be beneficiaries.

[1] After the plaintiffs had made out their case that such joint will probably existed and by its terms worked a revocation of the will of February 10, 1910, the defendants, appellees, to meet the plaintiffs' case, offered along with other testimony a certain instrument which appellee David F. Ames, executor (and beneficiary under the will), had produced by pasting on a paper numerous pieces of a torn document purporting to have been a will of Mrs. Richardson, executed by her January 16, 1918, and later destroyed by her, and the pieces thereof placed in an envelope and left at her death in a small iron box, where the envelope was found with other papers of a personal and private nature. Being thus accounted for by the said Ames, and the instrument apparently bearing the signatures of said H. W. Wickersham, Dr. Lee S——er (the piece with the missing letters of the name not being found), and Felix Blackwell, the court admitted this instrument in evidence upon the appellees' theory that the will was possibly the instrument which they had been called to witness, and not one of the nature described by them.

On examination of their signatures, Seamster testified: "I would say that that looks like my signature; yes sir, that is, some part of it is torn off. That looks like Mr. Blackwell's signature. * * *" Blackwell, on examination of the paper, stated: "I don't know anything about this instrument. It has a pretty good imitation of my signature to it. I can say one thing, it is a pretty good imitation of my signature." On the whole,

---

neither witness believed he signed the instrument before him. Wickersham was dead at the time of the trial.

Mrs. Richardson's private box containing the envelope and its contents appears not to have been molested after her death. When the evidence was offered the only objections made were the following: "Plaintiff objects to him (Ames) stating what it is, also, because he is an interested party and not competent to testify and it is irrelevant and immaterial."

Under the circumstances surrounding the discovery and production of the proffered instrument, considered in connection with the testimony specifically noted above, the instrument was, as against the objection made, admissible, and the trial court committed no error in so ruling. The assignments discussed are overruled.

[2] The other group of assignments attack the sufficiency of the testimony to support the judgment. The appellants were endeavoring to show that the testator, Richardson, had by a subsequent will revoked the one of date February 10, 1910. To do this the burden was upon them to show by a preponderance of the testimony the execution, attended by due formality and legal requirements, of a subsequent instrument, which either expressly or impliedly revoked the former will. Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 247, 270 S. W. 1001; Adams v. Maris (Tex. Com. App.) 213 S. W. 622; Harmon et al. v. Ketchum (Tex. Civ. App.) 299 S. W. 682.

[3, 4] In the judgment of the trial court who saw the witnesses, heard them testify, and apparently gave serious consideration to the evidence in general, the appellants failed to discharge this burden cast upon them by the law. The evidence in this record furnishes a reasonable support and basis for the conclusions reached by the learned trial court, and in such case the appellate court is not authorized to disturb the judgment. Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560; Pennington v. Fleming (Tex. Civ. App.) 212 S. W. 303; Head et ux. v. Moore et al. (Tex. Civ. App.) 232 S. W. 362.

The last group of assignments discussed is overruled, and the judgment is affirmed.