## OGLESBY v. POTTS et al.
### No. 8624.

Court of Civil Appeals of Texas. San Antonio.

May 27, 1931.

Rehearing Denied July 15, 1931.

Crane & Hartwell, of Raymondville, for appellant.

R. F. Robinson and B. S. Wright, both of Raymondville, for appellees.

COBBS, J.

We adopt appellees' statement of the case, as follows:

"Appellant sued appellees for partition of certain property, both real and personal, situated in Willacy County, Texas, of the alleged and estimated value of Six Thousand, Three Hundred and Sixty ($6,360.00) Dollars, one-half of which appellant claimed belonged to the father of appellant and appellees, because of said property being community property.

"Appellees Mrs. Letha Potts and husband, C. M. Potts, Kettie McNeill and husband, M. A. McNeill, answered by general demurrer and general denial, and answered further that appellee Letha Potts is the owner and in possession of all the property of which Mary Frances Oglesbay, her mother, was seized and possessed of at the time of her death; that she was and is the sole legatee and devisee of her mother under a will executed by her mother, the said Mary Frances Oglesbay, which said will had been probated in the County Court of Willacy County, Texas; that the real property described in Plaintiff's Original Petition was purchased by Mary Frances Oglesbay with money which she received as a gift from the estate of her mother; that the deed to said land was made to Mary Frances Oglesbay, and the said land continued to the date of her death to be the separate property and estate of the said Mary Frances Oglesbay; that all the property, both real and personal, which was owned, held, controlled or possessed by the said Mary Frances Oglesbay at the time of her death was her separate property, and that her husband, Peyton Z. Oglesbay, owned no interest therein prior to or at the date of his death; that all of said property had been devised to appellee Letha Potts by a will which has been duly probated in a court of competent jurisdiction, and which has never been contested.

"Upon a trial to the court without a jury judgment was rendered for the defendants; whereupon plaintiff excepted to the judgment of the court and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas."

This is largely a fact case, and we will therefore be bound by the judgment of the trial court. The court found that Mary Oglesby, the mother of appellant and appellee Letha Potts, owned the property herein in her own separate right at her death.

Now, then, in a case where the cause is tried by the court without a jury, and no findings of fact or conclusions of law made, the judgment upon any combination of supporting facts will stand. The evidence shows that the property and the money left by Mary Frances Oglesby at the time of her death was her separate property from money and property obtained by the estate of her mother, who died in 1898, and 22 acres of land valued at $50 per acre, given to Mary Frances Oglesby by her mother. The testimony shows that 40 acres of land in Willacy county, which Mary Oglesby left at her death, was purchased by her in 1912, for $1,200, now alleged to be worth $3,200, by funds from her mother's estate. She received $1,000 insurance from her husband, which she kept in her bank account. She made money from her Willacy county land from the time of her husband's death, May 30, 1921, to her death, December 23, 1927. The inventory shows that the land, the Buick automobile, the cash in the bank, the interest in household furniture, the McNeil notes, and the note of E. P. Oglesby were the separate property of Mary Frances Oglesby, and shows no community property. The evidence in the record shows that all the property left by Mary Frances Oglesby at her death was her separate property.

The evidence tended to show $1,629.16 was deposited to the credit of Mary Frances Oglesby on October 29, 1917, and the court from the evidence was justified in finding that the sum of $3,100 left by Mrs. Mary Frances Oglesby at her death was her separate estate.

The testimony further showed she had received $350 from her mother's estate, which she put in an 80-acre tract in Sumner county, Kan., together with some money which plaintiff's father had inherited. There is no testimony that the sum of $1,100 was invested in the lands which were bought in Kansas. The evidence shows that she made money, not over $500, selling butter and eggs.

Of course, the presumption of law is that the accumulation made during the married life is community property, and there is ample testimony that all the property left by the mother, and willed to Letha Potts, was the separate property of her mother. McCoy v. Mayer (Tex. Civ. App.) 21 S. W. 1015; Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560; Daniel v. De Ortiz (Tex. Civ. App.) 140 S. W. 486; Telephone & Telegraph Co. v. Thompson (Tex. Civ. App.) 142 S. W. 1000; Pennington v. Fleming (Tex. Civ. App.) 212 S. W. 303; Blewett v. Richardson Ind. School Dist. et al. (Tex. Civ. App.) 230 S. W. 255; Head v. Moore (Tex. Civ. App.) 232 S. W. 362; L. D. Powell Co. v. Lee (Tex. Civ. App.) 257 S. W. 308; Gardenhire v. Gardenhire (Tex.

Civ. App.) 258 S. W. 1077; Heard v. Heard (Tex. Civ. App.) 272 S. W. 501.

Where there are no findings of fact filed, the trial judge being in a better position to weigh the testimony offered and determine the credibility of witnesses, his judgment should stand. It seems that Mrs. Oglesby handled her own affairs and was capable to do so.

The property involved in this lawsuit consists of the Willacy county land, valued at $3,200, a Buick automobile, valued at $10, cash in bank in the sum of $3,100, a one-half interest in household furniture, valued at $50, and some notes which have not been proved to be of any value whatever. The preponderance of the testimony shows clearly that the land was purchased by the separate funds of Mary F. Oglesby; both parties admit that the sum of $1,000 belonged to her as her separate funds. Plaintiff himself testified that Mrs. Oglesby handled the farm in Kansas for three years after Mr. Oglesby's death, and did not think she made over $500.

Appellees contend and insist that the wife's property may undergo changes and mutations, be sold, and the proceeds invested, resold, and reinvested, and yet preserve its separate character, so long as she can trace its funds belonging to her. And it is well settled that the value due to an appreciated market, natural growth, increased size; and the like, remains hers, and does not become part of the community as increase of her property.

We have very carefully examined the record in this case, and find the same substantially supports the judgment of the trial court, which is affirmed.

SMITH, J., concurs in the result.